Arthur M. JOHNSON, Plaintiff,

v.

SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 83–2640.

United States District Court, District of Columbia.

Jan. 18, 1984.

John W. Karr, Washington, D.C., for plaintiff.

Deborah A. Robinson, Asst. U.S. Atty., Washington, D.C., for defendant.

## OPINION

CHARLES R. RICHEY, District Judge.

Before the Court is the Complaint, the defendant's Motion for an Enlargement of Time within which to answer, or otherwise move, with respect to the complaint, and

the entire record herein. For the reasons stated below, the Court will deny defendant's Motion, makes findings of established facts, and schedules further proceedings.

## BACKGROUND

The history of this litigation has a Kafka-like quality to it. The plaintiff filed a complaint, which was served on the defendant, on September 7, 1983. He seeks "to obtain judicial review of a final decision by the defendant, Secretary of the U.S. Department of Health and Human Services, denying plaintiff's claim for a period of disability and disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. Secs. 416(i) and 423, and for supplemental security income under Section 1614 of the Social Security Act, 42 U.S.C. Sec. 1382." Complaint ¶ 1.

The defendant, unlike non-government defendants, had 60 days within which to answer the complaint. Fed.R.Civ.P. 12(a). On November 7, 1983, one day before her answer was due, the Secretary moved for a 60 day extension of time in which to answer, or otherwise move, with respect to the Complaint. That motion asserted that

The U.S. Attorney's Office has received information from the Office of the General Counsel, Department of Health and Human Services, that, as of the date of this motion, the administrative record in this case has not been fully compiled and transmitted to agency counsel. Agency counsel must, upon receipt, evaluate the record and recommend a specific response to the allegations in the complaint.

. . . .

In view of these circumstances, defendant is compelled to seek an enlargement of time in order to secure the administrative record which constitutes the factual basis for her response.

Wherefore, defendant respectfully requests that the Court grant an enlargement of time of 60 days, to and including January 6, 1984, within which to answer or otherwise move with respect to this complaint.

Defendant's November 7, 1983, Motion For Enlargement Of Time Within Which to Answer Complaint at 1–2.

On November 10, 1983, the Court entered an Order denying the defendant's motion. The November 10, 1983, Order further directed the defendant to answer, or otherwise move, with respect to the Complaint by November 24, 1983. The Court noted that it found a 60 day extention "to be unreasonable, particularly in a case involving a request for judicial review of the denial of disability benefits."

The defendant failed to answer, or otherwise move, with respect to the Complaint by November 24, 1983. On December 13, 1983, upon the application of the plaintiff, the Clerk of this Court, pursuant to Fed.R. Civ.P. 55(a),[1] duly entered the default. Plaintiff then moved the Court to schedule further proceedings in this case pursuant to Fed.R.Civ.P. 55(e).[2] That motion was granted by the Court on December 20, 1984.

Subsequently, the defendant moved to rescind the default. The Court, by Order of December 30, 1983, granted the defendant's motion noting that "[b]ecause of an administrative error within the Court, defendant's counsel did not receive notice of the Court's November 10, 1983 Order requiring the defendant to answer, or otherwise move with respect to the complaint, by November 24, 1983." The Court, perhaps prematurely, further noted that it appeared "that defendant's failure to answer was not caused by a lack of diligence or good faith" and ordered the defendant to answer, or otherwise move, with respect to the complaint on, or before, December 30, 1983, which is what the defendant had asked for.

---

**1.** Fed.R.Civ.P. 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is is made to appear by affidavit or otherwise, the clerk shall enter his default."

**2.** Fed.R.Civ.P. 55(e) provides: "No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

## THE SECRETARY'S LATEST MOTION FOR AN ENLARGEMENT OF TIME MUST BE DENIED

The Secretary again failed to answer. Instead, on January 4, 1984, her counsel filed an untimely motion for another enlargement of time, noting that "[t]he U.S. Attorney's Office did not receive the Court's December 30 Order until January 3, 1984, the next business day." That assertion is without merit since the defendant, in her Motion to Rescind Default, had requested, and the Court had granted her, until December 30, 1983, to respond to the Complaint. Thus, the defendant knew on December 20, 1983, the date she filed her Motion to Rescind Default, that if the Court granted her motion, an answer would be due on December 30th, which again is what the defendant had requested. The Secretary's counsel further asserts that

> The U.S. Attorney's Office has received information from the Office of the General Counsel ("OGC"), Department of Health and Human Services, that due to the backlog caused by the *holiday vacation schedules*, the OGC will be unable to prepare and forward the proposed answer to the U.S. Attorney's Office until January 13, 1984." (emphasis added).

Defendant's January 4, 1984 *Motion For Enlargement of Time* at 1.

█ Thus, the Secretary, with huge resources[3] at her command, contends that because of "holiday vacation schedules", this plaintiff must wait yet longer for a United States Court to reach the merits of a claim involving the plaintiff's very subsistence. The January 4, 1984 Motion For Enlargement of Time will be denied.

## THIS COURT IS NOT POWERLESS TO ACT IN THE FACE OF THE CONTUMACY OF THE DEFENDANT

The Court is now faced with the decision of how best to proceed. Fed.R.Civ.P. 11, as amended, reads, in part:

> Every pleading, motion, and other paper of an party represented by an attorney shall be signed by at least one attorney of record ....... The signature of *an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....* If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....

As the note of the advisory committee makes crystal clear, "the words 'shall impose' in the last sentence [of Fed.R.Civ.P. 11] focus the court's attention on the need to impose sanctions for pleading and motion abuses."

Fed.R.Civ.P. 11 parallels Fed.R.Civ.P. 26(g). That rule "makes explicit the authority judges now have to impose appropriate sanctions and requires them to use it. This authority derives from Rule 37, 28 U.S.C. § 1927, and the court's inherent power.... The nature of the sanction is a matter of judicial discretion to be exercised in the light of the particular circumstances." Fed.R.Civ.P. 26(g) advisory committee note.

Rule 11 is also analogous to Fed.R.Civ.P. 37. Among the sanctions that may be imposed by a Court for the violation of Rule 37 is "(A) An *order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action*

---

**3.** The estimated total employment, at the end of 1983, in the Social Security Administration alone is 76,490. H.R.Doc. No. 4, 98th Cong., 1st Sess. II–31 (1983).

in accordance with the claim of the party obtaining the order." Fed.R.Civ.P. 37(b)(2)(A).

■ The Court finds that the Secretary's January 4, 1984 Motion For Enlargement of Time was not well grounded in fact or warranted by existing law and was interposed to cause unnecessary delay and needless increase in the cost of this litigation. The Court "has discretion to tailor sanctions to the particular facts of the case...." Fed.R.Civ.P. 11 advisory committee note. Here, the Court finds compelling reasons to impose the same sanction that is available to a Court when faced with a litigant who fails to comply with discovery orders. *E.g., Center On Corporate Responsibility, Inc. v. Shultz*, 368 F.Supp. 863, 871–73 (D.D.C.1973). Therefore, pursuant to the foregoing rules, together with the inherent power of the Court, *see Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 661–62 (D.Col.1980), the following facts are deemed to have been admitted:

1. Plaintiff was employed principally as a service station attendant and automobile mechanic until May, 1980, when as a consequence of the cumulative effects of multiple impairments—including accelerated hypertention, cardiovascular disease, excessive fat content in his blood and gouty arthritis, combined with plaintiff's adverse reactions to medications which he is required to take daily for control of hypertension—plaintiff became no longer able to engage in any substantial gainful employment. Complaint ¶ 5.

2. On January 6, 1981, plaintiff filed an application for disability and disability insurance benefits under the provisions of 42 U.S.C. Sec. 401 *et seq.* On April 21, 1982, plaintiff filed an application for supplemental security income under the provisions of 42 U.S.C. Sec. 1381 *et seq.* These applications were denied and plaintiff made a timely request for reconsideration of the denials. Upon reconsideration, defendant affirmed the denials. Complaint ¶ 6.

3. On September 24, 1982, plaintiff made a timely request for an evidentiary hearing before an Administrative Law Judge. The hearing was held on January 25, 1983 in Washington, D.C. Complaint ¶ 7.

4. On February 25, 1983, the Administrative Law Judge rendered a decision which found that plaintiff was not entitled to disability or disability insurance benefits, and that plaintiff is not eligible for supplemental security income. Complaint ¶ 8.

5. Plaintiff made a timely request for Appeals Council review of the decision of the Administrative Law Judge, and made timely submissions to the Appeals Council of additional evidence and written argument. On July 14, 1983, the Appeals Council denied the request for review and affirmed the decision of the Administrative Law Judge. Complaint ¶ 9.

6. Plaintiff has fully and completely exhausted his administrative remedies. Complaint ¶ 10.

The defendant's assertion, contained in her November 7, 1983 Motion for a 60-Day Extension, that the administrative record was not available is without merit. Obviously, the Appeals Council must have had the record before it on July 14, 1983, when it denied the plaintiff's request for review and affirmed the decision of the Administrative Law Judge. To accept the defendant's assertion, this Court would have to believe that the record had been lost or somehow "dis-assembled."

The Court will, of course, examine the administrative record. But it will do so in the light of the aforementioned facts which have been established and the administrative record. A hearing will be held at which the parties will provide the Court with oral argument as to whether, in the light of the established facts and the record, the Secretary's decision is supported by substantial evidence.

## CONCLUSION

Nothing contained in this opinion is intended as an attack upon the Assistant United States Attorney assigned to this

case. Her professionalism and high ethical standards are well known to this Court. The Court realizes that she, like all of the attorneys in the United States Attorney's Office, must take her clients as she finds them. Rather, the egregious conduct of the defendant crystallizes a recurring problem faced by attorneys in the United States Attorney's Office. Specifically, government clients who fail to abide by the Federal Rules of Civil Procedure, fail to obey orders of United States Courts, and commit similar defalcations, all of which give rise to the unpleasant occasion when this Court must, in the interest of justice, use its power to the full extent of the law. The papers filed by the Assistant United States Attorney assigned to this case clearly indicate that every delay and defalcation was caused by, and within, the vast bureaucracy of the Department of Health and Human Services. This Court *knows* that the holidays did not prevent the defendant and her agents, servants, and employees from performing their duties. The Assistant United States Attorney apparently has done her part, and, in fact, appeared before the Court in an unrelated matter during that time period, in spite of a scheduled vacation.

As far as this case is concerned, when one talks about the poor and disadvantaged, and the need for benefits under Social Security, the Court will not tolerate disobedience of its Orders through admitted bureaucratic delay and lack of cooperation caused by attorneys responsible for a government agency. The conduct of the defendant shows a total lack of regard for human misery and suffering which must be brought to a stop. Poor and disadvantaged people cannot afford the luxury of bureaucratic delay and indifference to human needs.

In addition to the above, it is alleged, in Count III of the Complaint, that the Secretary's Administrative Law Judges are rated "unacceptable" if they decide more than 66⅔ percent of their cases in favor of social security claimants. This fact should be ventilated and may, in itself, be cause for sanctions and may also constitute a denial of the due process rights of eligible claimants, including the plaintiff herein, although that will await the outcome of this litigation.

On this question the returning members of Congress might want to look into this in connection with their oversight function. If not, this Court may institute an ancillary proceeding to determine the facts in regard to the allegations in Count III of the Complaint. If these allegations are true, with pre-determined judgments being made by insensitive government administrators, then the public has a right to know what the facts are and who is responsible therefor.

It is indeed curious that while writing this memorandum, the Clerk's Office received the administrative record herein together with a purported Answer to the Complaint which shall be lodged with the Clerk and not filed until further hearings on this matter can be ventilated.

An Order consistent with the foregoing will issue of even date herewith.

### ORDER

In light of the accompanying Opinion of even date herewith, and based on the entire record herein, it is by the Court, this 17 day of January, 1984,

ORDERED, that the defendant's Motion For An Enlargement of Time within which to answer the Complaint be, and the same hereby is, denied, but the Administrative Record and the Answer shall be lodged with the Clerk and, not filed, in its offices until further Order of the Court; and it is

FURTHER ORDERED, that a hearing will be held on January 25, 1984, at 2:00 p.m., at which the Court will hear argument as to whether, in the light of the facts which have been established, the decision of the Secretary is supported by substantial evidence; and it is

■ FURTHER ORDERED, that on January 25, 1984, at 2:00 p.m., the Secretary of the Department of Health and Human Services, or those employees of said

Department responsible for this case, including her attorneys, shall show cause why she, or they, should not be held in contempt of this Court for her failure to abide by the Orders of this Court and the Federal Rules of Civil Procedure; and it is

■ FURTHER ORDERED, that on January 25, 1984, at 2:00 p.m., the Secretary of the Department of Health and Human Services, or those employees of said Department responsible for this case, including her attorneys, shall show cause as to why her, or their, conduct is not so egregious as to cause the Court to enter judgment for the plaintiff pursuant to the Federal Rules of Civil Procedure to the effect that all of the allegations contained in the Complaint shall be taken as true; and it is

■ FURTHER ORDERED, that the defendant's attorneys whose names appear on the answer attempted to be filed herein on January 13, 1984, as "OF COUNSEL", shall personally appear on January 25, 1984, at 2:00 p.m. to show cause why sanctions under 28 U.S.C. Section 1927, or such other relief as may be appropriate in the premises should not be granted.