**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,**

v.

**TARRANT DISTRIBUTORS, INC., Defendant-Appellant.**

No. 83–2721

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1984.

Lackshin & Nathan, Lionel M. Schooler, Houston, Tex., for defendant-appellant.

Karen MacRae Smith, Appellate Serv. E.E.O.C., Washington, D.C., for plaintiff-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This appeal asks whether the district court abused its discretion by denying an award of attorney's fees to a successful defendant in a Title VII suit filed by the Equal Employment Opportunity Commission. Finding no such abuse, we affirm.

### Facts

The EEOC filed suit against Tarrant Distributors, Inc:, alleging unlawful employment practices, after an investigation reflected that: (1) during the years 1963 to 1980, the company employed simultaneously only one or two black salesmen; (2) almost all black accounts were serviced by black salesmen; and (3) when one black salesman replaced another, the black accounts were assigned to the new black salesman. In addition to these initial findings, the charging party, a former black salesman, made sworn statements that other employment practices at Tarrant were racially motivated.

During the discovery process Tarrant offered credible, nondiscriminatory reasons for the complaining employee's discharge and for the company's account assignment policy. Upon closer examination, including review of the discovery deposition of one of the EEOC's planned expert witnesses, the EEOC determined to accept these explanations and moved for a voluntary dismissal with prejudice. Tarrant countered with a motion for attorney's fees under § 706 of Title VII.[1] The district court denied the motion.

### Analysis

The statute vests the decision as to attorney's fees in the sound discretion of

---

1. Section 706(k) provides, in part:

   Attorney's fees. In any action or proceeding under this Title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person. 42 U.S.C. § 2000e–5(k) (1976).

the trial court. In *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), the bellwether decision in this area, the Supreme Court held that a "district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." We shall not disturb the district court's decision on fees absent a clear finding of abuse of discretion. *E.E.O.C. v. First Alabama Bank of Montgomery*, 595 F.2d 1050 (5th Cir.1979).

As the district court noted, the EEOC possessed sufficient evidence to establish a *prima facie* case.[2] It necessarily follows that the court's concomitant decision that the action was not frivolously filed was not an abuse of the court's broad discretion. We are mindful of the court's cautionary words in *Christiansburg*, that attorney's fees are not appropriate in Title VII cases merely because the plaintiff did not ultimately prevail. 434 U.S. at 421–22, 98 S.Ct. at 700–01. Section 706(k) provides a disincentive to the bringing of Title VII claims that are unreasonable, frivolous or meritless. At the same time, we must be careful to avoid providing a disincentive to the EEOC's dismissal of a case which was reasonably based when filed but which discovery later disclosed to be inadequately supported by available evidence. The EEOC should be permitted to dismiss those cases subsequently determined to be marginal without risking assessment of the penalty of attorney's fees when the EEOC has otherwise acted in a reasonable manner.

AFFIRMED.

2. The assignment of black salesmen to sales territories composed primarily of black accounts could constitute an unlawful employment practice. Further, the evidence that the former black salesman who was fired was replaced by another black salesman does not mean that the EEOC could not have established a *prima facie* case that the firing was racially motivated. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (the facts necessary to establish *prima facie* proof will vary in Title VII cases due to differing factual situations), *Jones v. Western Geophysical Co. of America*, 669 F.2d 280 (5th Cir.1982).