**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**SEARS, ROEBUCK AND CO., Defendant.**

**No. 79 C 4373.**

United States District Court, N.D. Illinois, E.D.

Jan. 27, 1987.

As Amended May 20, 1987.

See also, D.C., 111 F.R.D. 385.

618

Karen H. Baker, Gerald D. Letwin, James P. Scanlan, E.E.O.C., Chicago, Ill., for plaintiff.

Charles Morgan, Jr., Pamela S. Horowitz, Howard T. Anderson, Paul F. Colarulli, Morgan Associates, Chartered, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

On January 31, 1986, this court, in a lengthy opinion, rendered a judgment in favor of defendant Sears, Roebuck and Co. ("Sears") on all claims at issue in the trial of this case, and dismissed the claims of plaintiff Equal Employment Opportunity Commission ("EEOC") regarding pregnancy-based discrimination with prejudice. *EEOC v. Sears*, 628 F.Supp. 1264 (N.D.Ill. 1986). This matter is now before the court on Sears' motion for costs and attorneys'

fees. For the reasons stated below, the court grants Sears' motion for costs to the extent set forth below, and grants in part, and denies in part, Sears' motion for attorneys' fees.

## I. Costs[1]

██ Fed.R.Civ.P. 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." The decision to award costs is entrusted to the discretion of the district court. *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1242 (7th Cir.1985). However, that discretion is not unfettered. *Id.; SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178, 180 (7th Cir.1979). District courts may not, under Rule 54(d), "tax costs to reimburse a winning litigant for every expense he has seen fit to incur." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). Rather, the court should scrutinize proposed cost items, and should exercise its discretion to tax costs "sparingly" with reference to costs not specifically allowed by statute. *Id.*

██ However, with regard to costs which are specifically authorized by stat-

ute, Rule 54(d) creates a presumption that the prevailing party will receive such costs. *Hudson*, 758 F.2d at 1242; *Coyne-Delany v. Capital Development Board of Illinois*, 717 F.2d 385, 390 (7th Cir.1983). In order to rebut this presumption, "the losing party must demonstrate that 'there has been some fault, misconduct, default, or action worthy of penalty on the part of the prevailing side.'" *Hudson*, 758 F.2d at 1242 (*quoting Delta Air Lines v. Colbert*, 692 F.2d 489, 490 (7th Cir.1982)). A mere showing by the losing party that it has conducted the litigation in good faith is not sufficient to rebut the presumption. *Hudson*, 758 F.2d at 1242.

The statutory basis for the award of costs in this case is 28 U.S.C. § 1920. That section provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

---

**1.** This court has already issued one opinion regarding costs and fees, dated July 15, 1986, and amended September 18, 1986. In that opinion, the court denied Sears' request for costs for expert witness fees in excess of the amount allowed under 28 U.S.C. § 1821, for computer assisted legal research, and for computerized litigation support. The court also ordered Sears to file an amended bill of costs, setting forth its costs for court reporting, witnesses, exemplification and copying "with reasonable particularity." *EEOC v. Sears*, No. 79 C 4373 slip op. at 20 (N.D.Ill. Sep. 18, 1986). In response, Sears filed an Amended Bill of Costs in early August and a Second Amended Bill of Costs in early October. The court's reference to Sears' "bill of costs" in this order refers to Sears' latest bill of costs, the Second Amended Bill of Costs.

The court notes its reluctance to deny Sears its expert witness fee expenses in excess of the $30 per day witness fee allowable under Section 1821. The Seventh Circuit recently confirmed that, under *Henkel v. Chicago, St. Paul, Minnesota and Omaha Railway*, 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1930), courts may not award as costs expert witness expenses in excess of Section 1821's limits. *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 801 F.2d

908, 911 (7th Cir.1986). In so holding, the *Fuller* court stated:

> One might be tempted to question the [*Henkel*] decision as an original matter. The purpose of setting forth a schedule of witness fees was to provide minimum compensation for ordinary witnesses, some subpoenaed against their will, who would otherwise get nothing for their time and trouble, see H.R.Rep. No. 308, 69th Cong., 1st Sess. (1926); it was not to answer the question whether a party who voluntarily paid an expert witness a fee would be able to recover it in his bill of costs if he won.

*Fuller*, 801 F.2d at 910. In the present action, EEOC put forward a statistical case; in order to rebut, and demonstrate the deficiencies of, EEOC's evidence, Sears was required to hire statistical experts and to make expensive computer runs. This court is of the opinion that Sears "voluntarily," but necessarily, incurred such expenses, and should be able to recover such expenses as costs in this action. Prevailing defendants forced to rebut statistical evidence with expert testimony and statistics should not be denied recovery of the costs of such experts and statistics in all but frivolous cases.

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In addition, 28 U.S.C. § 1821 [2] sets forth with particularity the recoverability of witness fees, and Local Rule 45(B) [3] sets forth with particularity the recoverability of the cost of stenographic transcripts.

EEOC presents two general objections to Sears' bill of costs. First, EEOC contends that the court should deny Sears' motion for costs because Sears acted in bad faith during the course of the trial. EEOC contends that Sears concealed information contained in morale surveys which EEOC sought to discover, delayed in providing EEOC with response rate information for Sears' National Timecard Nonsupervisory Special Survey ("NTNSS"), and pursued its conflict of interest claims in a "misleading manner."

■ Courts may deny costs to a prevailing party upon a demonstration by the losing party of the prevailing party's bad faith or misconduct. *Hudson*, 758 F.2d at 1242. *See also Wilkerson v. Johnson*, 699 F.2d 325, 330 (6th Cir.1983) (court denied costs to prevailing party because counsel failed to file brief or appear for oral argument); *Walters v. Roadway Express, Inc.*, 622 F.2d 162 (5th Cir.1980) (court denied costs to prevailing party because prevailing party's lack of diligence inflated costs). *See generally*, Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 562–63 (1984). However,

---

**2.** 28 U.S.C. § 1821 sets out with particularity the recoverability of witness fees. That section provides in part:

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

. . . . .

(b) A witness shall be paid an attendance fee of $30 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

(c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

. . . . .

(d)(1) A subsistence allowance shall be paid to a witness (other than a witness who is incarcerated) when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

(2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

**3.** Local Rule 45(B) provides:

Subject to the provisions of Rule 54(d) of the Federal Rules of Civil Procedure, the expense of any prevailing party in necessarily obtaining all or any part of a transcript for use in a case, for purpose of a new trial, or amended findings, or for appeal shall be taxable as costs against the adverse party. If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court. Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court pursuant to General Rule 18e, shall be allowed.

this court finds EEOC's three isolated examples of Sears' alleged bad faith insufficient to warrant a blanket denial of all costs incurred by Sears in this lengthy and voluminous litigation. Sears clearly did not defend this litigation in bad faith or conduct its defense in such a manner as to warrant a denial of costs.

Second, EEOC generally objects to an award of costs on the basis that Sears has failed to present sufficient information in its bill of costs to justify the costs it requests, and "the overwhelming majority of the requested costs are beyond those provided by statute." *See* Plaintiff's Opposition to Defendant's Bill of Costs at 14. The focus of this objection is Sears' alleged failure to include details in its request for expert witness fees in excess of the amount allowable under 28 U.S.C. § 1821. After EEOC made this objection, however, the court denied Sears' request for excess expert witness fees in an order dated September 18, 1986. Sears then filed its Second Amended Bill of Costs in which it excluded its request for excess expert witness fees and included a sufficiently particularized request for other costs. The court therefore finds that the majority of Sears' requested costs are not beyond those provided by statute, and Sears has presented sufficient information in its bill of costs to allow the court to meaningfully exercise its discretion with regard to the costs requested.

### A. Court Reporting

Sears requests $221,516.52 for court reporting costs. This total includes costs for deposition and pretrial transcripts, costs for immediate (hourly) trial transcripts—one original and three copies, and costs for sales tax and delivery of the transcripts.

Section 1920 authorizes an award of costs for "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Local Rule 45(b) provides that the court may tax the fees for such transcripts as costs, but (1) the costs of the transcript shall not exceed the regular copy rate as established by the Judicial Conference of the United States, unless some other rate was previously provided for by order of court; and (2) only the cost of the original transcript plus the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court, shall be allowed, except as otherwise ordered by the court.

A cost award for court reporting charges may include charges for services of the official court reporter as well as a private reporter. *Hudson*, 758 F.2d at 1242; *Wahl v. Carrier Manufacturing Co., Inc.*, 511 F.2d 209, 217 (7th Cir.1975). Such an award may also include charges for hourly or same day transcripts, where the trial is long, the issues are complex, a transcript is needed to minimize disagreement over testimony or to cross-examine experts, or witness credibility is in issue. *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 719 (N.D.Ill.1982), *aff'd*, 691 F.2d 310 (7th Cir.1982), *rev'd on other grounds*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). Charges for transcripts of pretrial proceedings may also be taxed, depending on the length and complexity of both the pretrial proceedings and the entire case, and on whether the pretrial proceedings limited or clarified the issues in the case. *Id.* at 719–20. In addition, charges for deposition transcripts may be taxed as costs where the deposition appeared to be reasonably necessary in light of the particular situation at the time it was taken, even if the witness was not called at trial or the deposition used at trial, and even if the deposition was for discovery purposes only. *Hudson*, 758 F.2d at 1243; *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 867 (7th Cir.1981); *SCA Services*, 599 F.2d 178, 180 (7th Cir.1979); *Independence Tube*, 543 F.Supp. at 717. However, stenographic charges for depositions which are merely for the convenience of the parties or are purely investigative in nature may not be taxed as costs. *Hudson*, 758 F.2d at 1243.

EEOC objects to Sears' request for court reporting costs on various grounds. First, EEOC contends that costs for pretrial transcripts are not recoverable under the rules. This court finds that such costs are recoverable. Neither Section 1920(2) nor Local Rule 45 excludes costs for transcripts of pretrial proceedings from cost awards. As stated above, where such transcripts are necessarily obtained for use in the case, the court may award the cost of such transcripts. *See Independence Tube*, 543 F.Supp. at 719–20.

■ Second, EEOC argues that Local Rule 45(B) limits the cost per page that Sears may receive for stenographic transcripts. Local Rule 45(B) provides that transcript costs which the prevailing party may recover shall not exceed the regular copy rate set by the Judicial Conference of the United States, unless some other rate was previously provided for by order of the court. The maximum rates of the Judicial Conference are as follows:

| | | Original | First copy | Additional copies |
|---|---|---|---|---|
| 1. | Ordinary Transcript[4] | $2.00 | $.50 | $.25 |
| 2. | Expedited Transcript[5] | $2.50 | $.50 | $.25 |
| 3. | Daily Transcript | $3.00 | $.50 | $.25 |
| 4. | Hourly Transcript | $3.50 | $.50 | $.25 |

Sears requests costs for some of its pretrial proceeding and deposition transcripts at rates in excess of the "ordinary" transcript rate, and requests costs for some of its trial transcripts at rates in excess of the "hourly" transcript rate. Although the court would like to award Sears its actual court reporting costs, Sears did not move the court at or before trial to set transcript rates different from those set by the Judicial Conference. Under Local Rule 45(B), the court's award of stenographic costs may therefore not exceed the Judicial Conference rates. Consequently, Sears may not recover costs for its pretrial proceeding

and deposition transcripts in excess of the "ordinary" transcript rate, and may not recover costs for its trial transcripts in excess of the "hourly" transcript rate.[6]

■ Third, EEOC contends that Sears may only recover the cost of the original trial transcript and two copies—one for Sears and the other for EEOC—under Local Rule 45(B). Sears requests costs for the original trial transcript and for three copies, one for EEOC and two for itself. Local Rule 45(B) provides that the court may allow only the cost of the original transcript plus "the cost of one copy each where needed by counsel." Accordingly, the court finds that Sears may recover only the cost of the original plus two copies of the trial transcript.

■ Fourth, EEOC objects to certain deposition transcript costs, contending that the depositions in question were for purely investigative purposes or were not necessary. Included in this objection are Sears' depositions of the charging parties, certain EEOC expert witnesses, EEOC lay witnesses and persons involved in the administrative proceedings which culminated in this case. The court finds, however, that transcripts of the depositions in question were necessarily obtained for use in the case. Although Sears did not use every one of these depositions at the trial, the depositions were not frivolous or unnecessary, but, in many cases, aided in the process of defining and narrowing EEOC's claims prior to trial. *See Sangamo*, 657 F.2d at 867. EEOC did not drop the charging parties from the case until after Sears had deposed them. Also, Sears' inquiries into the background of EEOC's expert witnesses were obviously necessary to the preparation of Sears' defense.

---

**4.** An "ordinary" transcript is delivered within thirty days.

**5.** An "expedited" transcript is delivered within seven days.

**6.** The court finds that hourly trial transcripts were necessary in this case. During the ten

month trial, many experts testified, and the immediate transcripts allowed counsel to effectively question and cross-examine these experts. The immediate transcripts also assisted counsel and the court to assess the credibility of the many witnesses.

Finally, the court notes that Sears included in its court reporting subtotals the charges for delivery of the transcripts. These charges are not recoverable as costs under Section 1920 or Rule 54(d) if they represent expenses for postage. *Wahl*, 511 F.2d at 217; *McHenry v. Joseph T. Ryerson Co.*, 104 F.R.D. 478, 482 (N.D.Ind. 1985).

### B. Witness Fees

Sears requests as costs witness fees in the amount of $59,049.11 for its officials, employees, expert witnesses, and deponents, and EEOC's expert and other deponents. Again, EEOC raises several objections.

First, EEOC objects to witness fees for Charles F. Bacon and Ray J. Graham, former Sears officers, for days on which they attended the trial but did not testify. The court finds that Sears may not recover such costs. Bacon and Graham were not present as experts; their attendance at trial was not necessary in order to formulate an opinion or to testify on rebuttal. *See Ingersoll Milling Machine Co. v. Otis Elevator Co.*, 89 F.R.D. 433, 434–35 (N.D.Ill.1981). Rather, Bacon and Graham attended the trial more as Sears representatives; therefore, fees for the days on which they attended but did not testify may not be taxed as costs. *Simmons v. McLean Trucking Co.*, 100 F.R.D. 61, 63 (N.D.Ga.1983); *Mastrapas v. New York Life Insurance Co.*, 93 F.R.D. 401, 406 (E.D.Mich.1982); *Dorothy K. Winston & Co. v. Town Heights Development, Inc.*, 68 F.R.D. 431, 433 (D.D.C.1975). *See generally*, Bartell, *supra* at 578.

Second, EEOC objects to all expenses for subsistence beyond $75.00 per day, the maximum rate prescribed by the Administrator of General Services, pursuant to 5 U.S.C. § 5702(a). Sears contends that it had to set aside one room during the length of the trial at the hotel where its counsel stayed for its out-of-town witnesses, because of the unpredictable length of the trial, the unpredictable witness schedule, the difficulty of reserving hotel rooms in Chicago on short notice, and the need for witnesses to consult with Sears' counsel and to call upon support staff. The court finds that these reasons do not constitute "exceptional circumstances" such that Sears should recover subsistence costs above the statutory limit. *See Sangamo*, 657 F.2d at 865 n. 14.[7]

EEOC also objects to Sears' request for witness fees above the statutory limit for EEOC deponents, expert and non-expert. The court finds first, that *Fuller*, 801 F.2d 908, precludes this court from awarding expert witness fees in excess of Section 1821's limit for witness fees. The court also finds that *Fuller* may extend to preclude all awards of witness fees, and subsistence and travel costs in excess of the amounts prescribed in Section 1821, even where "exceptional circumstances" are present. However, this court need not determine *Fuller*'s scope, as "exceptional circumstances" such that Sears should recover costs above the statutory maximum set for witness fees, and travel and subsistence costs, are not present in this case. Although Sears and EEOC agreed that each side would pay the other's experts, and the fees Sears now requests are the fees EEOC charged Sears pursuant to the agreement, such a prior agreement does not by itself constitute "exceptional circumstances" or authorize the taxation of fees in excess of the statutory maximum. Sears may therefore not recover such excess fees and costs.

7. Furthermore, in light of the Seventh Circuit's opinion in *Fuller*, 801 F.2d 908, Sears may not be able to recover subsistence costs in excess of Section 1821's limit even where "exceptional circumstances" are present. In *Fuller*, the Seventh Circuit held that a prevailing party may not recover expert witness fees in excess of the amount prescribed in Section 1821 for witness fees, even where exceptional circumstances are present. *Fuller*, 801 F.2d at 911. This court need not determine if *Fuller* extends to prohibit an award of subsistence fees in excess of the statutory limit, as the court finds "exceptional circumstances" which might justify such an award lacking in the present case.

## C. Exemplification And Copies

 Sears seeks costs for exemplification and copies in the amount of $1,038,-690.54. EEOC objects to the amount Sears seeks for trial exhibits, contending that Sears has failed to demonstrate that it was necessary that the evidence be presented in the manner in which Sears presented it. Sears did not seek prior approval from this court to use the exhibits, as is preferred. *Wahl*, 511 F.2d at 217; *Ingersoll*, 89 F.R.D. at 435. However, the court may award costs for exhibits without prior approval, particularly where, as in this case, the exhibits proved very helpful to the court, given the length of the trial, the complexity of the issues, and the highly statistical nature of the evidence. *See Independence Tube*, 543 F.Supp. at 723. The court finds that the exhibits were necessarily obtained for use in the case, and will allow Sears to recover costs for the exhibits used at trial, and any exhibits not used at trial due to EEOC's revision of reports or other information forming the basis for the exhibits.

 As for copying costs, EEOC contends that some of the copies were not "necessarily obtained for use in the case," and that Sears has failed to demonstrate that some of the copying costs were incurred in Sears' defense of the present action. The court may award photocopying costs attributable to necessarily obtained copies of discovery documents and pleadings; however, charges for "extra" copies of pleadings, correspondence and cases are not necessary, but are for the convenience of the attorneys and are therefore not taxable as costs. *Independence Tube*, 543 F.Supp. at 722. *See also SCA Services*, 599 F.2d at 180–81 (costs for deposition copies allowed because "the practicalities of preparing a case for trial often require that the attorneys have frequent and ready access to the depositions, and that they be able to mark notations and cross-references on the pages.").

 The court will allow Sears to tax as costs charges for not more than six copies each of deposition transcripts and exhibits, pretrial and trial transcripts, trial exhibits, written testimony and expert reports, pleadings and attachments, discovery materials, and excerpts of depositions Sears introduced into evidence. The court finds that copies in excess of six copies of the above documents, and copies of other documents requested, such as general research files, were not necessary, but merely for the convenience of counsel. However, the court in its discretion finds the cost of up to six copies of the above listed documents necessary, given the complexity of the case, the statistical nature of the evidence, and the need for Sears' counsel in Chicago and Washington, D.C. to have frequent and ready access to the documents.

 Sears concedes in its Second Amended Bill of Costs that approximately 10 percent of the photocopying charges it requests "may pertain to related Sears cases but is charged here because the issues and parties involved were subsumed in this litigation." *See* Sears' Second Amended Bill of Costs at 20. The court has found no support for awarding costs which the prevailing party did not incur in the pending action. Section 1920(4) provides that the court may tax as costs fees for copies of papers "necessarily obtained for use *in the case.*" Accordingly, the court in its discretion denies Sears' request for costs it incurred in related cases.

 EEOC also objects to Sears' request that the charges for microfilm and the rental of microfilm equipment be taxed as costs, contending that Sears' utilization of microfilm was not necessary but for the convenience of counsel. Sears microfilmed pleadings and attachments, deposition and trial exhibits, pretrial transcripts, legal memoranda, discovery materials, correspondence and court opinions and orders. In its Second Amended Bill of Costs, Sears explains that it utilized microfilm in order to reduce expenses incurred in reviewing documents referenced in searches of the computerized litigation support system data base, and to reduce storage and duplication expenses. *See* Sears' Second Amended Bill of Costs at 20 n. 1. The court finds that, to the extent that Sears incurred the microfilm expenses in lieu of

expenses for review of documents, the microfilm expenses are not recoverable as copying costs. Also, given the number of hard copies of most of the microfilmed documents that Sears has requested and the court has allowed, the court finds the microfilm expenses incurred in lieu of storage and duplication expenses unnecessary and for counsel's convenience. In sum, the court in its discretion denies Sears' request to tax as costs its microfilm expenses.

## II. Attorneys' Fees

Sears petitions this court for an award of attorneys' fees and expenses pursuant to Fed.R.Civ.P. 37(d), 42 U.S.C. § 2000e–5(k), Fed.R.Civ.P. 11, 28 U.S.C. § 1927 and the bad faith exception to the American Rule against attorneys' fees awards. For the reasons set forth below, the court grants in part, and denies in part, Sears' request for attorneys' fees and expenses.

### A. Petition For Attorneys' Fees And Expenses Under Fed.R.Civ.P. 37(d)

Sears moves for an award of fees and expenses pursuant to Fed.R.Civ.P. 37(d), contending that EEOC produced computer printouts containing incorrect, incomplete and misleading data in response to one of Sears' discovery requests. EEOC gave the printouts to Sears on April 3, 1984, representing to Sears that the printouts contained the coding of prior experience for the hired and non-hired applications samples. Sears then analyzed the printouts and prepared exhibits and questions for cross-examination from the printouts. After the trial began, and Sears had completed its cross-examination of EEOC expert Dr. Solnick, EEOC discovered that the printouts it had given to Sears did not reflect EEOC's March, 1983 recoding of prior experience information.

Following EEOC's disclosure that the tendered printouts did not contain accurate data, Sears indicated that it would move for the attorneys' fees and expenses that it incurred as a result of EEOC's negligence. This court reserved ruling on the motion, but stated:

> I haven't ruled on it, but I think that ... the cost that is involved to [Sears] as a result of the error that was made here [by the EEOC] ought to be borne by the Government and not by Sears.

Trial Transcript ("Tr.") at 2748.

Fed.R.Civ.P. 37(d) provides that, where a party fails to serve a written response to a discovery request, the court may make such orders in regard to the failure as are just, including requiring the party failing to act, or his attorney, or both, to pay the attorney's fees and expenses caused by the failure. In the present case, EEOC did serve a written response to Sears' discovery request; however, the response contained incorrect, incomplete and misleading data. Rule 37(d) is therefore still applicable, "since a response containing misrepresentations ... is as good as no response at all." *Fautek v. Montgomery Ward & Co., Inc.*, 96 F.R.D. 141, 145 n. 5 (N.D.Ill.1982). " '[D]ilatory and partial compliance' with a request to produce does not remove a case from the ambit of rule 37(d)." *Id. (quoting Charter House Insurance Brokers, Ltd. v. New Hampshire Insurance Co.*, 667 F.2d 600, 604 (7th Cir.1981)). *See also Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir.1976) ("[W]hen, as here, the fact that answers to interrogatories are evasive or incomplete cannot be determined until further proceedings have been conducted to obtain the information later determined to have been withheld, the evasive or incomplete answers are tantamount to no answer at all, and rule 37(d) is applicable.").

 Sears contends, and EEOC apparently concedes, *see* EEOC's Opposition to Sears' Motion For Award of Costs and Attorneys' Fees at 21, that EEOC at least inadvertently tendered to Sears the incomplete, outdated printouts. EEOC's mere inadvertence or negligence does not remove the present case from the ambit of rule 37(d). Sanctions are appropriate once a failure to comply with a discovery request has been established; the degree of culpability is merely a factor for the court to consider in determining the severity of

the sanction to be applied. *Fautek*, 96 F.R.D. at 145–46. *See also Charter House*, 667 F.2d at 605 (the court should tailor the choice of sanction to the severity of the misconduct, and has "considerable latitude" to ensure that the sanction serves as a deterrent). *See generally* Wright and Miller, *Federal Practice and Procedure* § 2291 at 811–13 (1970) (rule 37(d) applies despite the presence or absence of willfulness, but such presence or absence is relevant to the court's choice of sanctions).

■ This court finds that EEOC negligently tendered to Sears incomplete, outdated and misleading data in response to a clear discovery request. Sears could not have discovered, and did not discover, the problem with the tendered computer printouts until after it had analyzed the printouts and used them in expensive computer runs to prepare trial testimony and exhibits, and questions for the cross-examination of at least one EEOC expert witness. Under rule 37(d), a court may impose various sanctions for such a failure to comply with a discovery request, including dismissal of the action, where appropriate. Here, Sears requests an award of the attorneys' fees and expenses it incurred as a result of EEOC's negligence. The court, in its discretion, finds such an award appropriate and reasonable and so orders.

**B. Petition For Attorneys' Fees And Expenses Under 42 U.S.C. § 2000e–5(k), Fed.R.Civ.P. 11, 28 U.S.C. § 1927 And The Bad Faith Exception To The American Rule Against Attorneys' Fee Awards**

After the court rendered its opinion finding for Sears on all issues tried in the case, Sears moved for attorneys' fees and expenses pursuant to the provisions listed above. Sears bases its motion for fees and expenses on two major contentions: that EEOC's conflicts of interest demonstrate that EEOC proceeded with the present suit

in bad faith, and that EEOC's conduct during discovery and the trial demonstrates that EEOC either proceeded with this case in bad faith, or at least proceeded with this case after it was or should have been clear to the EEOC that the case was frivolous, unreasonable or groundless.

**1. Legal Standards**
 **a. 42 U.S.C. § 2000e–5(k)**

■ The attorneys' fee provision of Title VII, 42 U.S.C. § 2000e–5(k), states that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs, and the [EEOC] ... shall be liable for costs the same as a private person." The court, in its discretion, may award a prevailing plaintiff attorneys' fees under this section unless special circumstances would make the award unjust. *LeBeau v. Libbey-Owens-Ford Co.*, 799 F.2d 1152, 1156 (7th Cir. 1986). By contrast, the court, in its discretion, may award a prevailing defendant attorneys' fees under this section only upon a showing that "the plaintiff's action was frivolous, unreasonable or without foundation ... or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978). Such a distinction exists because the policies that favor fee awards to prevailing plaintiffs, such as promoting plaintiffs' efforts as "private attorney generals" in vindicating their civil rights, are not in effect in the case of a prevailing defendant. *Id.* at 418, 98 S.Ct. at 698; *LeBeau*, 799 F.2d at 1156; *Hamilton v. Daley*, 777 F.2d 1207, 1211–12 (7th Cir.1985).[8]

■ In determining whether a prevailing defendant is entitled to fees, the court should consider the following relevant factors: (1) whether the suit is one of first impression; (2) whether there is or was a real threat of injury to the plaintiff; and (3)

8. In *Hamilton,* the prevailing defendant sought fees under 42 U.S.C. § 1988. However, as that court recognized, the same standards apply to both 42 U.S.C. § 1988 and § 2000e–5(k) cases.

*Hamilton,* 777 F.2d at 1212 n. 2. *See also Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) *(per curiam).*

whether the record supports a finding that the plaintiff's action was frivolous under *Christiansburg*. *LeBeau,* 799 F.2d at 1156; *Reichenberger v. Pritchard,* 660 F.2d 280, 288 (7th Cir.1981).[9] A case is frivolous when it "has no reasonable basis, whether in fact or law." *Tarkowski v. County of Lake,* 775 F.2d 173, 176 (7th Cir.1985). *Cf. Indianapolis Colts v. Mayor and City Council of Baltimore,* 775 F.2d 177, 184 (7th Cir.1985) ("An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit."). The court must carefully scrutinize a defendant's claim that the plaintiff's action was frivolous in a "pattern or practice" case under Title VII, such as the present case.[10] *Hermes v. Hein,* 742 F.2d 350, 357 (7th Cir.1984); *Ekanem v. Health and Hospital Corp. of Marion County, Indiana,* 724 F.2d 563, 575 (7th Cir.1983), *cert. denied,* 469 U.S. 821, 105 S.Ct. 93, 83 L.Ed.2d 40 (1984). This is so because in such cases, under *Teamsters,* the court must accord plaintiffs wide latitude in attempting to establish circumstantial evidence of unlawful intent.[11] *Hermes,* 742 F.2d at 357; *Ekanem,* 724 F.2d at 575.

Courts generally have awarded attorneys' fees to prevailing defendants under 42 U.S.C. § 2000e–5(k) in two circumstances: when the plaintiff proceeds in the face of an unambiguous adverse ruling, or when the plaintiff "is aware with some degree of certainty of the factual or legal infirmity of his claim." *Badillo v. Central Steel & Wire Co.,* 717 F.2d 1160, 1163 (7th Cir. 1983). By comparison, courts have often found a plaintiff's action not to be frivolous where the plaintiff has established a prima facie case or the plaintiff's case has survived a motion for a directed verdict. *LeBeau,* 799 F.2d at 1159; *Soderbeck v. Burnett County, Wisconsin,* 752 F.2d 285, 295 (7th Cir.1985), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2360, 86 L.Ed.2d 261 (1985); *EEOC v. Tarrant Distributors, Inc.,* 750 F.2d 1249, 1251 (5th Cir.1984).

■ It is clear that the prevailing party, in this case Sears, bears the burden of establishing its entitlement to an award of attorneys' fees and expenses under 42 U.S.C. § 2000e–5(k). *Zabkowicz v. West Bend Co.,* 789 F.2d 540, 548 (7th Cir.1986). However, it is equally clear that the defendant need not show subjective bad faith; although, if the court finds that the plaintiff brought a claim in subjective bad faith, an even stronger basis for charging the plaintiff with attorneys' fees exists. *Christiansburg,* 434 U.S. at 422, 98 S.Ct. at 701.

### b. Fed.R.Civ.P. 11

■ Rule 11 was substantially amended as of August 1, 1983. Sears contends that EEOC is liable for fees and expenses both before and after the 1983 amendment.[12]

---

9. These factors, first set out by the Seventh Circuit in *Reichenberger,* do not create a circuit test for assessing attorneys' fees petitions that in any way differs from the Supreme Court's *Christiansburg* standard. *LeBeau,* 799 F.2d at 1156 n. 6.

10. The plaintiff who brings a "pattern or practice" disparate treatment Title VII class claim alleges "systemic disparate treatment of a protected group." *EEOC v. Sears,* 628 F.Supp. at 1280. In such a suit, the plaintiff must initially demonstrate that unlawful discrimination has been the employer's regular policy, and the plaintiff usually so demonstrates by proffering statistical evidence of substantial disparities between the protected and unprotected groups, buttressed by evidence of general discriminatory policies or specific instances of discrimination. *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 336–40, 97 S.Ct.

1843, 1854–57, 52 L.Ed.2d 396 (1977); *Coates v. Johnson,* 756 F.2d 524, 532 (7th Cir.1985); *EEOC v. Sears,* 628 F.Supp. at 1280.

11. In the present case, however, there is a factor which seems to cut the other way. Here, the losing plaintiff is the EEOC, the governmental agency charged solely with enforcement of the civil rights laws. Recognizing the EEOC's assumed expertise in civil rights litigation, and the broad investigative powers Congress has given to the EEOC, the Supreme Court held that courts may take these distinctions between the EEOC and private persons into account when determining whether the EEOC's actions were reasonable. *Christiansburg,* 434 U.S. at 423 n. 20, 98 S.Ct. at 701 n. 20.

12. The court notes that Rule 11 applies to the Government. *See, e.g., Johnson v. Secretary, Department of Health and Human Services,* 587

Former Rule 11 provided, in relevant part:

The signature of an attorney constitutes a certificate by him that he has read the pleading, that to the best of his knowledge, information, and belief there is a good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a willful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted.

Under former Rule 11, courts could impose sanctions, including attorneys' fees, against lawyers who acted in "subjective bad faith." *Pantry Queen*, at 453; *Badillo*, 717 F.2d at 1166–67.

■ Current Rule 11 provides that an attorney's signature on a pleading "constitutes a certificate by him that he has read the pleading ...; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." The court may sanction attorneys violating the certification requirement, and such sanction "may include an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the pleading, ... including a reasonable attorney's fee." The test under current Rule 11 is an objective test of reasonableness under the circumstances, rather than a test of subjective bad faith. *Pantry Queen*, at 453; *Dreis & Krump Manufacturing Co. v. International Association of*

F.Supp. 1117, 1120–21 (D.D.C.1984). Also, new Rule 11 applies to any filing after August 1, 1983 in a pending case. *Pantry Queen Foods, Inc. v.*

*Machinists and Aerospace Workers, District No. 8*, 802 F.2d 247, 255 (7th Cir.1986); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 205 (7th Cir.1985).

### c. 28 U.S.C. § 1927

■ Section 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Like Rule 11, Section 1927 was amended during the course of this action. Prior to 1980, Section 1927 did not explicitly permit courts to assess attorneys' fees. The 1980 amendment, which added this express authorization, applies to cases pending when it took effect, including this action. *Herrera v. Farm Products Co.*, 540 F.Supp. 433, 436 n. 4 (N.D.Iowa 1982).

■ Also like Rule 11, the test under Section 1927 is objective, rather than subjective:

The amended Rule 11 sets out a standard that we think applies equally to § 1927: a complaint must be "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."

*In Re TCI Ltd.*, 769 F.2d 441, 447 (7th Cir.1985). *See also Indianapolis Colts*, 775 F.2d at 182 (before assessing fees under Section 1927, court must determine whether attorney intentionally filed or prosecuted a claim lacking a plausible legal or factual basis).

■ Unlike Rule 11 and 42 U.S.C. § 2000e–5(k), however, Section 1927 does not authorize the court to make a fee award, but "simply permits a court to transfer any award of fees from a client to the offending lawyer." *In Re TCI*, 769

*Lifschultz Fast Freight, Inc.*, 809 F.2d 451, 453 (7th Cir.1987).

F.2d at 445. Also, courts may only assess costs and fees under Section 1927 to sanction "needless delay." *Indianapolis Colts*, 775 F.2d at 183.

### d. Bad Faith Exception To The American Rule Against Attorney's Fees Awards

 Under the American Rule, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). There are three noted exceptions to the American Rule. A court may award attorneys' fees when there is a common fund, when the suit arises under a statute which permits fee awards, or when a party acts in bad faith, vexatiously, wantonly or for oppressive reasons. *Alyeska Pipeline*, 421 U.S. at 258–59, 95 S.Ct. at 1622; *Pantry Queen*, at 455; *Hamilton*, 777 F.2d at 1211; *In Re TCI*, 769 F.2d at 445. "Bad faith" has both an objective and a subjective meaning: "a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law." *In Re TCI*, 769 F.2d at 445. However, "negligence is not enough" to constitute bad faith. *Pantry Queen*, at 455.

### 2. EEOC's Conflicts of Interest

Sears contends that it is entitled to attorneys' fees and expenses because the EEOC's conflicts of interest demonstrate that it brought and continued this action in bad faith. These conflicts of interest arise from former EEOC official David A. Copus' simultaneous involvement with the EEOC, the National Organization For Women ("NOW"), and former EEOC employee Whitney M. Adams, who herself was simultaneously employed with the EEOC and active in NOW. Judge Grady exhaustively set forth the facts regarding Sears' conflicts of interest claims in an earlier opinion in this case in which the court denied Sears' motion to dismiss. *EEOC v. Sears*, 504 F.Supp. 241, 246–55,

264–68 (N.D.Ill.1980). The court will therefore not repeat these facts here.

In his opinion, Judge Grady criticized Copus as demonstrating "extremely poor judgment," and found that Adams' employment with EEOC and presence on the NOW Board of Directors "created an appearance of partiality and special deference to NOW-related petitions" before the EEOC. *Id.* at 249–50. Judge Grady also sharply criticized the EEOC for allowing Copus to continue working on the Sears investigation after the disclosure of Copus' NOW involvement, finding that the EEOC's decision "turns on its head the high duty of a government attorney to strive toward fairness, independence and impartiality in official proceedings." *Id.* at 250. However, Judge Grady held that the EEOC's improprieties did not warrant the extreme sanction of dismissal, and found that the "cloud" over the EEOC's investigation of Sears could be removed through a trial de novo on the substantive issues. *Id.* at 251, 268.

Sears now contends that the "cloud" over the EEOC's investigation has permeated every stage of this litigation. *See, e.g.*, Memorandum In Support Of Sears' Motion For Attorneys' Fees And Expenses of August 14, 1986 at 28–39. According to Sears, Copus participated in the drafting of the April 19, 1977 EEOC decision finding reasonable cause to charge Sears with discriminatory employment practices, and this decision served as the basis for conciliation efforts, and, when conciliation failed, this suit.

 The fact remains, however, that, although Copus was a "key figure" in EEOC's investigation of Sears from 1973 until 1977, *see EEOC v. Sears*, 504 F.Supp. at 250, he was not the only EEOC official investigating Sears, he was not a voting Commissioner with authority to adopt the reasonable cause determination, and he left the EEOC in 1977, two years before the EEOC decided to file this suit. Copus' findings or views, expressed in any memoranda or other document he may have written while at the EEOC, were not determi-

native of EEOC policy with regard to Sears, and were reviewed at several levels. In short, the court finds Sears' contention that this whole suit was merely "Copus' legacy" without foundation.

Furthermore, this court's finding that this suit was not frivolous or unreasonable, *see infra* II(B)(3), supports the determination that this action was not one man's vendetta, but an agency's reasoned investigation and lawsuit. *See, e.g., Indianapolis Colts*, 775 F.2d at 182 (a finding that plaintiff's complaint was plausible supported court's finding that the complaint was not filed for an improper purpose). Any effect Copus' and Adams' conflicts of interest may have had on EEOC policy dissipated in the EEOC's necessary reexamination of its policy at several levels in the many decisions made before and after Copus departed the EEOC, including the decision to file this suit, and in this court's de novo determination with regard to the issues tried. Just as Judge Grady determined that EEOC's improprieties did not mandate dismissal of the action, the court now finds that such improprieties do not mandate a finding of bad faith and the resulting award of fees and expenses.

### 3. EEOC's Litigation Conduct

■ Sears contends that EEOC's conduct before and after it filed this suit demonstrates either that EEOC proceeded with this action in bad faith, or that EEOC at least filed and proceeded with this suit after it was or should have been aware that the case was frivolous. In support of this contention, Sears alleges that: (1) EEOC's August 30, 1973 charge was "so broad and vague as to be meaningless;" (2) EEOC's three-year investigation of Sears was "an unfocused, open-ended audit" of virtually all of Sears' personnel practices; (3) EEOC's April 19, 1977 reasonable cause finding was riddled with errors and flaws and failed to provide Sears with notice of the discriminatory practices requiring correction; (4) EEOC's "non-negotiable demand" that conciliation be based on the April 19, 1977 finding guaranteed an im-

passe in the 1977–1979 conciliation efforts; (5) EEOC officials were divided as to whether to file this suit, and EEOC may have filed suit merely as "a bargaining ploy;" (6) EEOC filed a "boiler plate," "global" complaint in this action which, like the 1973 charge, failed to identify the specific policies or practices alleged to be discriminatory and served as the basis for "massive discovery;" (7) EEOC presented Sears with a "moving target," calculated to bluff or harass Sears into settling, before and after trial by "burden[ing] the lawsuit with numerous claims and charging parties which it later abandoned[,] ... chang[ing] the definition, theory and scope of the claims it retained ... [and] mak[ing] repeated changes to the evidence it did present;" and (8) EEOC compiled its statistical evidence without attempting to reflect the actual decision-making process at Sears and without carefully analyzing the assumptions upon which it based its statistics, and therefore "knew before trial that evidence of discrimination did not exist." *See* Sears' Memorandum In Support Of Petition For Fees And Expenses of February 11, 1986 at 66–94.

However, this court technically found that EEOC had established a prima facie case of discrimination when it denied Sears' motion for a directed verdict upon the close of EEOC's presentation of its case-in-chief. *See* Trial Transcript at 10,418. The court, in its discretion, could find EEOC's actions reasonable on this basis alone. *See LeBeau*, 799 F.2d at 1159 ("[A] plaintiff's case that survives a motion for a directed verdict is not a frivolous suit."); *Tarrant Distributors*, 750 F.2d at 1251 ("[T]he EEOC possessed sufficient evidence to establish a *prima facie* case. It necessarily follows that the court's concomitant decision that the action was not frivolously filed was not an abuse of the court's broad discretion."). EEOC produced statistical evidence of disparities in both commission sales hiring and promotion and checklist compensation. Only after hearing Sears' extensive evidence clearly refuting EEOC's statistics did the court ultimately find

EEOC's statistical analyses flawed and its evidence of discrimination insufficient.

In *Christiansburg*, the Supreme Court cautioned against courts engaging in *post hoc* reasoning to conclude that, because the plaintiff did not prevail, its action must have been frivolous. According to the Court, "[e]ven when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg*, 434 U.S. at 422; 98 S.Ct. at 701. As this circuit has recognized, "[l]awsuits are always precarious. Even the most watertight case can fail because of the absence of a few key witnesses." *Hamilton*, 777 F.2d at 1211.

*Post hoc* reasoning is all the more inappropriate in the present case because EEOC alleged a pattern or practice of discrimination on the part of Sears. *Hermes*, 742 F.2d at 357; *Ekanem*, 724 F.2d at 575. EEOC engaged in extensive discovery and statistical analysis in preparation for trial. The defects in its analyses were not fully revealed until after it had presented its case in chief.

The fact that Sears presented its own extensive evidence to rebut EEOC's prima facie showing supports this court's conclusion that EEOC's case was not frivolous. *See Hamilton*, 777 F.2d at 1214 n. 7 ("Indeed, the more time and effort a defendant spends in defending a ... case, the less likely it is that the case was frivolous and that a fee award is appropriate in the first place."); *In Re TCI*, 769 F.2d at 448 (defendants need not incur substantial costs in a "preposterous" case). Sears spent much

time and effort in its defense, and this court relied heavily on Sears' evidence in ruling for Sears on the issues tried, as this court's reference to Sears' evidence throughout its decision demonstrates.

As for the claims EEOC dropped prior to trial, this court finds that EEOC properly dropped these claims after discovery disclosed the claims to be inadequately supported by available or attainable evidence, and sufficiently before this case came to trial. EEOC's action did not imply that these claims were not reasonably based when filed, and this court finds that these claims were not frivolous when filed. *See EEOC v. Federated Foods, Inc.*, No. 83 C 6918 slip op. (N.D.Ill. March 7, 1985) [Available on WESTLAW, DCTU database] (available on LEXIS, genfed library, courts file). This court hesitates to penalize the EEOC for properly dropping these claims:

> [W]e must be careful to avoid providing a disincentive to the EEOC's dismissal of a case which was reasonably based when filed but which discovery later disclosed to be inadequately supported by available evidence. The EEOC should be permitted to dismiss those cases subsequently determined to be marginal without risking assessment of the penalty of attorney's fees when the EEOC has otherwise acted in a reasonable manner.

*Tarrant Distributors*, 750 F.2d at 1251. *See also Badillo*, 717 F.2d at 1167.

Finally, this court acknowledges that EEOC's case, when placed on the spectrum between watertight cases on one end, and frivolous cases on the other, is much closer to the latter than the former.[13] However,

---

**13.** EEOC sought to somehow justify its failure to produce any individual testimony in support of its claims in its Opposition Brief of April 11, 1986. EEOC stated:

> Where as here the employer has since at least 1973 made the avoidance of liability for employment discrimination a management priority, such statements to either applicants or incumbent employees (who are customers as well) were very unlikely. For these and other reasons we believe that it would have been a severe abuse of the judicial process to encumber this proceeding with the testimony regarding the number of individual instances of

discrimination that would have been necessary to have been probative in this case. EEOC's Opposition Brief at 20 (footnote omitted). The court notes that it never expressed any reluctance to hear the testimony of victims of Sears' alleged discriminatory practices, and EEOC failed to even proffer such evidence. This court acknowledged that such evidence is not legally required to make out a *prima facie* case, *EEOC v. Sears*, 628 F.Supp. at 1280, 1285; however, EEOC might have greatly bolstered its case with such evidence, if in fact there was any such evidence.

when compared with cases found to be frivolous, such as *Hamilton,* 777 F.2d 1207, in which the plaintiff's claims were clearly foreclosed by precedent, the non-frivolous nature of EEOC's evidence and litigation position in the present action becomes apparent. Further, this circuit has found similarly less than perfect cases to be reasonable. *See, e.g., Ekanem,* 724 F.2d 563 (plaintiffs' pursuit of their class pattern or practice discrimination claims after the Seventh Circuit reversed the district court's preliminary injunction order not unreasonable). Accordingly, while the court has found that Sears was entitled to prevail in this case, the court finds that EEOC's case, from filing to final arguments, was not frivolous, unreasonable or without foundation. The court therefore denies Sears' motion for attorneys' fees and expenses pursuant to 42 U.S.C. § 2000e–5(k), Fed.R.Civ.P. 11, 28 U.S.C. § 1927 and the bad faith exception to the American Rule. *See Indianapolis Colts,* 775 F.2d at 182 (a fee award under § 1927 is unwarranted when the court finds a claim was not unreasonable or frivolous).

### III. Conclusion

For the reasons, and to the extent, set forth above, the court grants Sears' motion for costs, grants Sears' motion for attorneys' fees under Fed.R.Civ.P. 37(d), and denies Sears' motion for attorneys' fees under 42 U.S.C. § 2000e–5(k), Fed.R.Civ.P. 11, 28 U.S.C. § 1927 and the bad faith exception to the American Rule against attorneys' fee awards. As it is not possible to calculate the amount of the cost award from Sears' Second Amended Bill of Costs, the court directs Sears to file an amended bill of costs in accordance with this opinion. Sears is also directed to file an affidavit regarding the attorneys' fees and costs it incurred as a result of EEOC's tender of incorrect computer printouts in 1984. The court orders Sears to file its amended bill of costs and affidavit within sixty days of the date of this order.