**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Plaintiff,**

v.

**W.R. GRACE & COMPANY, Defendant.**

No. 89–3022.

United States District Court,
C.D. Illinois,
Springfield Division.

Dec. 29, 1993.

---

Burt L. Dancey, Elliff Keyser Oberle & Davies P.C., Pekin, IL, Edward J. Westbrook, L. David Condon, Ness Motley Loadholt Richardson & Poole, Charleston, SC, David L. Drake, Randall A. Mead, Drake Narup & Mead P.C., Springfield, IL, for plaintiff.

John J. Verscaj, Frank K. Heap, Ellen S. Kornichuk, Larry L. Thompson, Bell Boyd & Lloyd, Chicago, IL, John C. Childs, Hugh V. Plunkett, III, Popham Haik Schnobrich & Kaufman Ltd., Minneapolis, MN, for defendant.

## ORDER

RICHARD MILLS, District Judge:

This cause is before the Court on State Farm's motion to enforce this Court's order of June 4, 1993 regarding the cost of retaking John Walsh's deposition.

During trial, State Farm moved to exclude W.R. Grace's damages expert, John Walsh, from testifying about numerous new opinions he was going to give at trial since he was unable to discuss them at his deposition. On June 4, 1993, the Court ruled that Mr. Walsh would be permitted to testify about his late-formed opinions, but that State Farm would be permitted to depose Mr. Walsh "at no cost to the plaintiff, at all, State Farm." Tr. at 7580.

At issue in this motion is whether W.R. Grace should now pay for all State Farm's expenses associated with the deposition of Mr. Walsh, including attorney and paralegal fees and out of pocket expenses.

### 1. *Attorney and Paralegal Fees*

W.R. Grace's position is that it should not pay for attorney or paralegal fees for the retaking of the Walsh deposition.

The Court agrees.

By using the term "costs," ("at no cost to the plaintiff, at all, State Farm") the Court was referring to the "costs" statutorily authorized by 28 U.S.C. § 1920. Attorneys fees and paralegal fees are not authorized by 28 U.S.C. § 1920. The Court regrets any misunderstanding our language may have created. Nonetheless, State Farm should have confirmed that attorneys fees were to be included in our verbal order before expending an exorbitant amount of time (51.25 hours of attorney preparation—not including

actual time spent attending the deposition) in deposing Mr. Walsh for the third time.

Accordingly, State Farm's request for $20,188.75 in fees is denied.

### 2. *"Out of Pocket" Expenses*

■ W.R. Grace next objects to the travel, hotel, and meal expenses for Lisa Funston, the paralegal who attended the Walsh depositions. W.R. Grace argues that attendance of Ms. Funston at the deposition was not necessary.

The Court agrees.

■ Normally, only travel expenses of witnesses are allowed by statute. *EEOC v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 624 (N.D.Ill.1987). In this case, the Court will allow State Farm the reasonable travel expenses of Mr. Berly because he traveled to Washington, D.C. (as opposed to Mr. Walsh traveling to Charleston). However, W.R. Grace represents that State Farm never had a paralegal in attendance at *any* of the other multitudes of depositions taken in this case. Thus, although the Court is confident that Ms. Funston's services were (and are) invaluable to State Farm, we cannot find that her *attendance* at the Walsh deposition was "reasonable and necessary to the litigation." *See Delphi Industries, Inc. v. Stroh Brewery Co.*, 1990 WL 205928, 1990 US Dist LEXIS 16183 (N.D.Ill. December 4, 1990).

Accordingly, the costs claimed by State Farm for the expenses of Ms. Funston will be reduced by $2,808.29.

Next come the expenses for Mr. Berly. W.R. Grace objects to Mr. Berly's "voracious appetite" and his extension of southern hospitality to the Capitol City.

The Court is disappointed that Mr. Berly was evidently not satisfied with the many weeks of "three squares" on Lincoln's prairie. Otherwise, there would be little need for the $50.00 lunches at the "Jean Louis" or the "La Taberna Alabardro" in D.C. on July 17 and 18.[1] "Voracious appetite" or not, the Court will limit Mr. Berly to a $30.00 rate

(maximum) for all lunches in the Capitol City.

Similarly, the Court notes that Mr. Berly must have dined on a new gourmet brand of grits to account for the $40.00 breakfasts on June 17, 18, and 19. The Court will similarly limit Mr. Berly to a $20.00 rate for all breakfasts.

The Court also finds that the $185.23 dinner expense on June 16th was excessive. The Court will limit Mr. Berly's dinners to a $50.00 maximum.

Finally, the Court will not allow State Farm to recover for the overnight stay of Mr. Berly in the Capitol City on Friday, June 18. Ms. Funston was able to travel back to Charleston that night—the Court finds no reason why W.R. Grace should be responsible for Mr. Berly's additional expense.

The Court will allow the expenses of Mr. Berly's handwritten report for June 6–9.

Accordingly, State Farm's expenses will be reduced:

$328.28 for the unwarranted hotel costs of Mr. Berly on Friday June 18.

$40.00 ($20.00 × 2 days) for the southern hospitality at lunch on June 17 and 18.

$135.23 for the southern hospitality at dinner on June 16th.

*Ergo*, State Farm's motion to enforce this Court's order (d/e 380) is DENIED IN PART in accordance with the above order.

---

1. The Court was not aware that a lunch of mustard greens, okra, and black eyed peas would be that expensive—even at the "Jean Louis."