United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-10082
Summary Calendar
_____


VALENCIA MANSKER,

               Plaintiff-Appellant/
               Cross-Appellee,

       v.

OAK FARMS DAIRY,

               Defendant-Appellee/
               Cross-Appellant.


_____

Appeals from the United States District Court
For the Northern District of Texas
_____

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[1]

    Plaintiff-Appellant Valencia Mansker appeals the district court's order granting the motion of Defendant-Appellee Oak Farms Dairy to enforce a settlement agreement. Because we find no error in the district court's order, we affirm.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

In 2003, Mansker filed a claim alleging sex discrimination against Oak Farms. On September 1, 2004, during a break in Mansker's deposition, Oak Farm's counsel, Jennifer Youpa and Jason Dugas, approached Mansker's counsel, Richard Howard, to discuss the possibility of settling the lawsuit. Although Mansker was present in Howard's offices, where the deposition and negotiations took place, she did not sit in on the negotiations themselves. Counsel for both sides negotiated for several hours, eventually reaching an apparent agreement. Howard later testified that he was authorized to negotiate and enter a settlement on Mansker's behalf. Counsel for both sides agreed that Dugas would memorialize the terms of the agreement and forward the draft to Howard.

On September 13, 2004, two weeks after the conclusion of negotiations and apparent agreement on the terms of the settlement, Howard notified Dugas that Mansker had experienced, in his words, "a change of heart" regarding the settlement. In the intervening two weeks between the negotiations and Howard's notification to Dugas, Mansker sent a letter to Howard indicating that "the [agreed confidential settlement amount] that you all were talking about was unacceptable." Mansker now argues that

Howard had not kept her apprised of the negotiations, that she had not authorized him to settle for a specific amount, and that she was not aware that a settlement had even been reached.

Following Howard's notification to Dugas, Oak Farms filed its Motion to Enforce the settlement agreement, and asked that the court award it attorneys' fees incurred in preparing the motion. The court held an evidentiary hearing and heard testimony from both parties and counsel. The court heard first from Youpa, Dugas, and Earl Jones, III, the Vice President of Oak Farm's legal department. The court then heard testimony from Mansker, who was first examined by Youpa and allowed an opportunity to tell her version of the events, and then cross-examined by Youpa. Following Mansker's testimony, the court sought testimony from Howard. Recognizing the potential conflict, the court explained the difficulty to Mansker, and requested Mansker's consent to Howard's testimony. Mansker agreed. After Howard's testimony, the court allowed Mansker an additional opportunity to testify.

Based on its assessment of the evidence and the credibility of the witnesses, the district concluded that Howard had been authorized to negotiate and enter a settlement agreement, and that Mansker had initially agreed to the settlement. The court

3

therefore granted Oak Farm's motion to enforce the settlement agreement, but denied its request for attorneys' fees.

## II.

On appeal, Mansker does not challenge, at least not directly, the district court's factual conclusion that she authorized Howard to negotiate and enter the settlement agreement. Instead, Mansker argues that she was denied due process because (1) she was not given the opportunity to obtain new counsel before Howard testified at the evidentiary hearing, and (2) she was not given an opportunity to cross-examine Howard after he testified.[2]

The record fails to disclose that Mansker ever raised the issue of Howard's disqualification or desire for new counsel at any time in the district court, nor does it appear that she objected to the lack of cross-examination of Howard. Indeed, the district court specifically addressed the potential conflict in Howard's testimony, and Mansker assented to Howard taking the

---

[2] Mansker's briefing on appeal is less than clear. For example, in addition to the two arguments recounted above, Mansker also lists as an issue on appeal whether she was denied due process when the district court examined Howard. However, we can discern no such argument actually made in her brief. Although pro se briefs are liberally construed, even pro se litigants must brief arguments to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

stand. Thus, Mansker has waived both claims. It is well established that "[t]o avoid being waived, an argument must be raised to such a degree that the trial court may rule on it." Chamberlain v. United States, 401 F.3d 335, 337 n.7 (5th Cir. 2005). "[I]ssues raised for the first time on appeal 'are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice.'" Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (quoting U.S. v. Garcia-Pillado, 898 F.2d 36, 39 (5th Cir. 1990)). We are not convinced that in this situation our failure to consider these claims will result in any "manifest injustice."

## III.

Oak Farms cross-appeals from the district court's order, arguing that the court erred in failing to award it its attorneys' fees incurred in relation to the motion to enforce the settlement agreement. The decision of the district court regarding the award or denial of attorney's fees shall not be disturbed absent a clear finding of abuse of discretion. EEOC v. Tarrant Distrib., Inc., 750 F.2d 1249, 1250 (5th Cir. 1984). We perceive no such abuse of discretion in this case.

## IV.

Mansker has waived her claims regarding Howard's testimony at the evidentiary hearing, and the district court did not abuse its discretion in denying Oak Farms its attorneys' fees. Therefore, the order of the district court is:

AFFIRMED.