Paul L. **LOCKETTE, Jr.**

v.

**AMERICAN BROADCASTING COMPANIES, INC., a corporation, Defendant.**

No. 84 C 8902.

United States District Court, N.D. Illinois, E.D.

Dec. 3, 1987.

Jonathan D. Karmel, Neal D. Rosenfeld, Karmel & Rosenfeld, Chicago, Ill., for plaintiff.

Daniel J. King, Richard C. Bollow, Jenner & Block, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

During a bench trial on Paul Lockette, Jr.'s suit against American Broadcasting Companies, Inc. ("ABC") pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, this court granted ABC's motion for involuntary dismissal under Fed.R.Civ.P. 41(b). Before the court are ABC's motions for sanctions, attorneys' fees, and costs.

### FACTS

Prior to instituting this cause of action, Lockette surreptitiously taped approximately ten different conversations between himself and his co-workers, some of which were crucial to resolving the lawsuit. These tapes did not come to light until two weeks before the trial, and even then only three of the tapes were revealed.

The tapes clearly were covered by ABC's Notice of Deposition of Paul Lockette, served over two years prior to the trial. They also arguably were covered by ABC's Request for Production of Documents.

Lockette and his attorney, Jonathan Karmel, did not disclose them because of Karmel's view that at the time it was illegal to record a conversation without the consent of all the parties. *See People v. Beardsley,* 115 Ill.2d 47, 57–59, 104 Ill.Dec. 789, 503 N.E.2d 346 (1986) (discussing *People v. Kurth,* 34 Ill.2d 387, 216 N.E.2d 154 (1966)).

In December of 1986, this court ruled on ABC's motion for summary judgment. *Lockette v. ABC,* No. 84–8902 slip op. (N.D. Ill. Dec. 16, 1986) [Available on WEST-LAW, 1986 WL 14633]. In opposition to that motion, Lockette and Karmel submitted an affidavit in which Lockette asserted facts regarding at least one of the taped conversations.[1] Lockette stated that he was unaware that his supervisors were dissatisfied with his job performance. *See* Lockette affidavit, ¶ 3. He also stated that Director of Personnel Michael Lewellyn advised him to resign, calling the job performance memo Lockette received "the 'most detailed' ... he had ever seen", and remarking that it was probably written to protect ABC in case of litigation. *Id.,* ¶ 7. This court relied on those statements in denying ABC's motion. *Lockette v. ABC, supra* at 4, 8–9.

Disclosure of the surreptitious tapes revealed that Lockette's statements were false and his conversation with Lewellyn was mischaracterized. Lewellyn told Lockette his supervisors were concerned about the job he was doing, *see* Transcript of Tape of 12/5/83 Conversation at 12, 15, and suggested that he use the performance memo by attempting to improve his skills. *Id.* at 16, 18–19, 24–27. Lewellyn specifically advised Lockette not to assume that he inevitably would be fired. *Id.* at 16. Moreover, although Lewellyn admitted that performance memos often were written to protect the company, he cited the detail of the memo as a positive indication of how much Linda Dorminey, Lockette's immedi-

ate supervisor, wanted to help him. *Id.* at 24–25.[2]

Lockette and Karmel explain these discrepancies by saying that Lockette did not listen to the tapes before preparing the affidavit. The very face of the document, however, appears to contradict this. It contains two quotations attributed to Lewellyn which are identical to the words he used and were merely taken out of context. *Compare* Lockette affidavit, ¶ 7 *with* Transcript of Tape of 12/5/83 Conversation at 24, 26.

At the trial, this court held that Lockette was not a credible witness, that his job performance was inadequate, and that he was fired for legitimate reasons. This court also expressed the opinion that "there was [no] basis for this lawsuit having been brought in the first place." Transcript of Proceedings Before the Honorable Brian Barnett Duff, June 1, 1987, at 16.

## DISCUSSION

ABC moves for discovery sanctions pursuant to Fed.R.Civ.P. 37(d) and attorneys' fees under 42 U.S.C. § 2000e–5(k) and Fed. R.Civ.P. 11. We turn to the Rule 37(d) motion first.

### Rule 37(d)

■ Rule 37(d) enables a court to impose sanctions against a party for a culpable failure to produce documents in response to a request to produce. *Equal Employment Opportunity Commission v. Sears, Roebuck & Co.,* 114 F.R.D. 615, 626 (N.D.Ill. 1987); *Fautek v. Montgomery Ward & Co., Inc.,* 96 F.R.D. 141, 145 (N.D.Ill.1982). The usual sanction, which is mandatory, is that the recalcitrant party, his lawyer, or both pay the reasonable expenses and attorneys' fees resulting from the failure. 8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2291 at 820 (1970). This sanction should not be imposed, however, if the failure to produce was substan-

---

1. Because this court halted the trial by granting ABC's Rule 41(b) motion, only two of the tapes were transcribed and only one was admitted into evidence.

2. The transcript of the conversation Lockette had with Linda Dorminey when he received the job performance memo supports this view, although in light of Lockette's objection that the transcript was not part of the record in this case, this court does not rely on it.

tially justified or if such an award would be unjust for other reasons. *Id.*

This court finds that the failure to produce was substantially justified. Lockette and Karmel reasonably believed that Lockette had violated the eavesdropping statute, Ill.Rev.Stat. ch. 38, ¶ 14–2 (1979), as it was construed in *People v. Kurth, supra. See People v. Beardsley, supra* (overruling *Kurth* to the extent that it makes surreptitious recording by one party to a conversation illegal). Once Karmel believed that his client had committed a past crime, he was justified, and in fact bound, not to reveal that fact. *See* Model Code of Professional Responsibility DR 4–101 (1982); Model Rules of Professional Conduct Rule 1.6 (1983).

### 42 U.S.C. § 2000e–5(k)

This court also declines to award attorneys' fees under 42 U.S.C. § 2000e–5(k). That section permits an award of attorneys' fees in favor of a prevailing defendant only when the suit is "frivolous, unreasonable, or without foundation." *Shrock v. Altru Nurses Registry,* 810 F.2d 658, 661 (7th Cir.1987) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1987)). In practice, that standard is met when the plaintiff knows that his claim is legally or factually infirm, which occurs only in a very narrow category of cases. *See Badillo v. Central Steel & Wire Company,* 717 F.2d 1160, 1163–64 (7th Cir.1983).

While this court opined that Lockette clearly could not prevail, it did so only after observing the witnesses' testimony and the documentary evidence. Lockette understandably did not have the impartial judgment necessary to recall or to weigh the facts correctly. He might have had that judgment had he listened to the tapes, but he of course did not listen. Though this case admittedly is close, it does not warrant the imposition of attorneys' fees under 42 U.S.C. § 2000e–5(k). The court now turns to Fed.R.Civ.P. 11.

### Rule 11

Although this court found that Lockette and his attorney had a legitimate reason to conceal the existence of the tapes, that does not mean that they also had a right to profit from the concealment. Fed.R.Civ.P. 11 requires this court to impose sanctions when a motion, pleading, or other document is not well-grounded in fact. *Brown v. Federation of State Medical Boards,* 830 F.2d 1429, 1433–34 (7th Cir.1987). The standard is objective: we must examine "whether a sanctioned party's conduct was reasonable under the circumstances." *Id.* at 1435.

The conduct of Lockette and Karmel was anything but reasonable. Lockette swore to an affidavit that misled the court, even considering his understandably subjective view of the facts. While a hindsight evaluation is always problematic, this court believes that it would have granted ABC's motion for summary judgment had it had a complete and accurate record. Furthermore, Karmel could have prevented this deception. Although he had good reason to stop Lockette from listening to the tapes, nothing prevented him from doing so. Attorneys are required to make a reasonable inquiry into the facts of a case, *id.* at 1435, and Karmel's signature on the motion for summary judgment that incorporated Lockette's affidavit violated this rule.[3]

In determining a proper response to Lockette's and Karmel's conduct, this court will impose " 'the least severe sanction [that is] adequate to serve the purpose....' " *Id.* at 1437 (quoting *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir.1987)). Two major reasons for imposing sanctions are compensation and deterrence; this court finds that some deterrence is appro-

---

**3.** Although the attorneys differ on the question of when Karmel knew of the tapes, *see* Affidavit of Gregory S. Gallopoulos, ¶ 4, Plaintiff's Memorandum in Opposition to Defendant's Motion for Attorneys' Fees, p. 7 n. 2, this court is certain that Karmel knew of them prior to bringing the motion for summary judgment because at an in-chambers conference he explained why he did not produce the tapes during discovery.

priate, but that compensation is the more important consideration in this case.

█ In addition, this court may and will consider equitable considerations, such as Lockette's and Karmel's abilities to pay, *id.* at 1439, and their relative degrees of fault. *See Cannon v. Loyola University of Chicago,* 784 F.2d 777, 782 (7th Cir.1986). These matters will be addressed once ABC submits a schedule of fees for approval.

The only matter remaining is Lockette's objections to ABC's bill of costs. This court finds that those costs were reasonably necessary to ABC's defense, and are moderate in amount. Lockette's objections are overruled.

## CONCLUSION

ABC's motion for attorneys' fees pursuant to Fed.R.Civ.P. 11 is granted, and costs are taxed against Lockette in the amount of $4,743.09. ABC is to submit a schedule of its fees within ten days of this order.