Nicholas J. APOSTAL, Plaintiff,

v.

CITY OF CRYSTAL LAKE, ILLINOIS STATE POLICE, Gregory Allan Pourchot, Lester Lunsmann, Inspector Rhode, Star # 9717, Inspector Williams, Star # 9742, Inspector D.E. Kearns, Star # 9939, and Inspector Fetzer, Star # 9930, Defendants.

No. 94 C 50068.

United States District Court,
N.D. Illinois,
Western Division.

April 2, 1996.

Nicholas J. Apostal, Crystal Lake, IL, Michael A. Moynihan, Moynihan & Dillon, Chicago, IL, Steven O. Ross, Chicago, IL, for Plaintiff.

James P. Hynes, Modesto, Reynolds & McDermott, Wheaton, IL, Michael E. Coppedge, Cowlin, Curran & Coppedge, Crystal Lake, IL, Daniel F. Lanciloti, Illinois Attorney General's Office, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

REINHARD, District Judge.

On November 22, 1995, this court granted summary judgment in favor of Gregory Allan Pourchot, Lester Lunsmann, Inspector Rhode, Inspector Williams, Inspector D.E. Kearns, and Inspector Fetzer, and entered a final judgment in favor of defendants and against plaintiff, Nicholas J. Apostal.[1] On December 11, 1995, the Illinois State Police, Pourchot, Lunsmann, Rhode, Williams, Kearns, and Fetzer ("defendants") filed a bill of costs pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d) seeking a total of $2,949.32[2] in costs. Apostal timely filed objections with the court on January 24, 1996 contending that the bill of costs should be denied because it contains false statements, or in the alternative, that it should be reduced because defendants are not entitled to all of the expenses sought to be recovered. The court will address each category of costs in turn, but before doing so, the court disposes of Apostal's contention that the entire bill of costs should be denied on the ground that defendants have engaged in misconduct by submitting false statements.

Apostal claims that defendants' request for inflated parking expenses ($10.75/day) for parking in downtown Rockford, excessive mileage for travel between Chicago and Rockford (252 miles-roundtrip), and car rental expenses incurred by James Doran, who has no apparent relationship with the case, evidence misconduct and warrant denial of the entire bill of costs. Rule 54(d) of the Federal Rules of Civil Procedure, which provides for recovery of costs by the prevailing party, creates a presumption that the prevailing party will receive those costs specifically allowed. *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1242 (7th Cir.1985). In order

---

1. The Illinois State Police was dismissed as a defendant on November 29, 1994 by grant of a motion to dismiss, and the City of Crystal Lake was dismissed as a defendant on November 20, 1995 by grant of a separate motion for summary judgment.

2. Defendants' figure of $2,949.32 is inaccurate and should be $2,949.29. Defendants erroneously calculated the total amount of court reporter fees three cents more than the invoices reflect.

to overcome this presumption in favor of a grant of costs, the losing party must demonstrate that there has been some "fault, misconduct, default, or action worthy of penalty" by the prevailing party. *Id.* Although $10.75 per day is not a reasonable parking expense for Rockford, the actual parking receipts are not submitted and the figure could include parking expenses for the rest of the business day in downtown Chicago. Thus, the court cannot conclude that these expenses were intentionally inflated. Likewise, although it is not clear what relationship James Doran had with this case, and the mileage claimed for his use of the vehicle is excessive by approximately 40–50 miles, such conduct does not warrant a blanket denial of costs. *See EEOC v. Sears, Roebuck and Co.,* 114 F.R.D. 615, 622 (N.D.Ill.1987) (blanket denial of costs not appropriate despite isolated instances of misconduct where party did not defend the litigation in bad faith). Therefore, the court rejects Apostal's request that the bill of costs be denied in its entirety.

*A. Court Reporter Fees*

■■■■■ Defendants seek $2,224.88 in court reporter fees for depositions taken during discovery. Section 1920 allows the court to tax as costs "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The term "court reporter" in section 1920(2) applies to private stenographers other than, and in addition to, the official court reporters assigned to a particular courtroom, and the term "stenographic transcript" includes deposition transcripts obtained in advance of trial. *SK Hand Tool Corp. v. Dresser Indust., Inc.,* 852 F.2d 936, 944 (7th Cir.1988); *Hudson,* 758 F.2d at 1242.

■■■■■ Apostal objects to the depositions of Dr. Park, himself (the second deposition), and Raadsen on the grounds that they were either unnecessary or prolonged. It is well-established that costs may be awarded for deposing a witness as long as the deposition was necessary when taken. *Finchum v. Ford Motor Co.,* 57 F.3d 526, 534 (7th Cir. 1995). All of the depositions for which defendants seek reimbursement were used in their motion for summary judgment, and the court found the testimony to be relevant. In addition, the court does not find Dr. Park's deposition to be unreasonably prolonged merely because it lasted three hours. Dr. Park was an expert witness and Apostal's treating physician. Accordingly, the court finds that all of the depositions were necessary and not unduly prolonged.

■■■■■ Apostal also contends that in the event costs are awarded for these depositions, the court reporter fees should be reduced because they exceed the maximum rates set by the U.S. Judicial Conference. The rates set by the Judicial Conference, however, apply only to transcripts ordered from official court reporters, not private court reporters. *See Taylor v. Rockett,* No. 94 C 50095, 1995 WL 756859, at *1 (N.D.Ill. Dec. 18, 1995); *Pilsen Neighbors Community Council v. Netsch,* No. 80 C 5501, 1991 WL 49607, at *2 (N.D.Ill. Apr. 3, 1991). A prevailing party is entitled to the actual rate associated with transcribing a deposition by a private court reporter, if reasonable. *Taylor, supra; Pilsen, supra.* Since all of the depositions in this case were transcribed by private court reporters, defendants are entitled to the actual costs as long as they are reasonable.

■■■■■ Defendants seek reimbursement for one copy of each of the Lunsmann, Pourchot, Fetzer, Rhode, and Kearns deposition transcripts, and the per page transcription rate for each of these transcripts is approximately $1.75. Although the comparable rate (for first copy) for official reporters would be 75 cents per page, the court finds the rate charged for these transcripts reasonable. *Cf. BASF Corp. v. The Old World Trading Co.,* No. 86 C 5602, 1992 WL 229473, at *1 (N.D.Ill. Sept. 11, 1992) (finding $2.91 difference in comparable rate reasonable). Accordingly, the court awards the requested amounts (Lunsmann—$134.75; Pourchot—$87.50; Fetzer—$99.75; Rhode—$169.75; and Kearns—$157.50) for each of these transcripts, for a total of $649.25.

■■■■■ With respect to Dr. Park's deposition, defendants seek reimbursement for one original transcript, and the per page

transcription rate charged is approximately $3.15. The comparable rate (for original transcripts) for official reporters is $3.00. Therefore, the rate charged is reasonable. Defendants also seek reimbursement of $110.00 for the private reporter's attendance fee charged for Dr. Park's deposition. Apostal objects to this amount, but apparently mistakes it as a witness appearance fee by Dr. Park. Under the plain meaning of 28 U.S.C. § 1920, "[f]ees of the court reporter" would include a court reporter's attendance fees. *See Bryant v. Whalen,* No. 88 C 4834, 1992 WL 198946, at *3 (N.D.Ill. Aug. 12, 1992); *In re Asbestos Litig.,* No. 77 C 3534, 1985 WL 5112 (N.D.Ill. Dec. 27, 1985). Thus, defendants are entitled to reimbursement of this fee. Lastly, defendants seek $7.50 for a handling charge related to Dr. Park's deposition. This appears to be a delivery charge, and delivery or postage charges are not recoverable as costs under section 1920. *See Sears, Roebuck and Co.,* 114 F.R.D. at 624. Therefore, this charge will not be awarded. Accordingly, defendants are awarded the cost of Dr. Park's deposition transcript ($485.10) and the court reporter's attendance fee ($110.00) charged for Dr. Park's deposition for a total of $595.10.

■ Two depositions of Apostal were taken, and defendants seek reimbursement of the original transcripts of both, as well as the court reporter's attendance fee. The per page transcription fee charged for the 119–page deposition is approximately $2.95, and the per page transcription fee for the 147–page deposition[3] is approximately $2.45. The comparable rate (for original transcripts) for official court reporters is $3.00. Thus, these rates are reasonable, and defendants are entitled to reimbursement for these expenses. Similarly, as already articulated, the court reporter's attendance fee is taxable as a cost. Likewise, for reasons stated earlier, the court disallows the $13.50 charged for the delivery of both transcripts. Accordingly, defendants are awarded the cost of Apostal's first deposition ($351.05), the cost of Apostal's second deposition ($360.15), and the

court reporter's attendance fee ($85.00) for a total of $796.20.

Lastly, defendants seek reimbursement for the original deposition transcript of Raadsen. The per page transcription rate charged is approximately $2.95, which is below the comparable rate (for original transcripts) for official reporters. The court finds this rate reasonable. Defendants are also entitled to the court reporter's attendance fee, but are not entitled to the delivery charge. Accordingly, defendants are awarded the cost of the transcript ($70.80) and the court reporter's attendance fee ($85.00) for a total amount of $155.80.

## B. Copying Costs

■ Defendants seek $20.00 in costs for photocopying records. Apostal objects to these costs on the grounds that it is unclear from the invoice what type of records were copied. The invoice submitted by defendants does not reflect how many documents were copied, nor does it indicate the per page rate charged for these copies. Without this information, the court cannot evaluate the reasonableness of the charges, *see Taylor,* 1995 WL 756859, at *1, and for this reason, the request for these expenses is denied.

## C. Witness Attendance Fees

■ Defendants seek reimbursement for witness attendance fees paid to Marilyn Apostal, Nicholas Apostal, Sr., and John Raadsen. Apostal objects to the fees paid to both Marilyn Apostal and Nicholas Apostal, Sr. on the grounds that their depositions did not occur and they never cashed the checks. The fact that a subpoenaed witness did not testify at trial or appear at a deposition (which is scheduled but never taken) is not a basis for denying the witness fees which have nevertheless been paid. *Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1442 (7th Cir.1994). The subpoenaed witnesses were compensated for their readiness to testify at the depositions, thus, an award for these costs is proper. *Id.* As to Apostal's claim that the checks were never cashed, he has submitted no proof of this fact, nor have the checks been tendered

---

**3.** Although it is not evident from the invoice that this deposition was 147 pages, Apostal supplied this page figure in his brief, and the court accepts the undisputed number as accurate.

back to defendants. Accordingly, defendants are awarded witness fees paid to Marilyn Apostal ($40.00), Nicholas Apostal, Sr. ($40.00), and Raadsen ($35.00) for a total amount of $115.00.

### D. Expert Witness Fees

█ Defendants also seek the expert witness fee paid to Dr. Park in the amount of $350.00 for his deposition. Although Apostal does not object to this amount, the court notes that witness fees, including those paid to expert witnesses, are limited by 28 U.S.C. § 1821, absent statutory authority which explicitly authorizes otherwise. *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 801 F.2d 908, 911 (7th Cir.1986). Accordingly, the fee paid to Dr. Park is reduced to $40.00, in accordance with 28 U.S.C. § 1821(b).

### E. Travel Expenses

█ Defendants seek reimbursement for expenses incurred by their attorney for travel to and from court in the amount of $134.60. Apostal objects to these expenses. It is well-established in this circuit that an attorney's travel expenses incurred in attending depositions, pretrial conferences, and trial are not recoverable as costs. *Commissioners of Highways of Towns of Annawan v. United States*, 653 F.2d 292, 298 (7th Cir.1981); *Taylor*, 1995 WL 756859, at *1; *Lock v. Jenkins*, 634 F.Supp. 615, 620 (N.D.Ind.1986). Therefore, these expenses are disallowed. Defendants also seek reimbursement for the car rental by James Doran in the amount of $104.84. Apostal objects to this expense on the grounds that James Doran has no apparent relationship with this case. After reviewing the record, the court shares Apostal's concern, as it is not readily apparent what, if any, relationship this individual had with the case. Defendants offer no explanation as to why this expense was necessary. Therefore, this expense is disallowed.

For the foregoing reasons, defendants are awarded $2,351.35 in costs.

J.J.C., Plaintiff,