**AMERICAN AUTOMOTIVE ACCESSORIES, INC. and Emalfarb Investment Corp. Plaintiffs,**

v.

**Alan FISHMAN, Defendant.**

**No. 95 C 5156.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 27, 1998.

the RICO statute ..." *Brandenburg v. Seidel,* 859 F.2d 1179, 1188 (4th Cir.1988).

Marvin N. Benn, Dawn Marie Cassie, George W. Hamman, Jeanne Marie Hoffmann, Hamman & Benn, Chicago, IL, for Plaintiffs.

Mark H. Schiff, Steven M. Ruffalo, Arnold M. Flank, Lee J. Janger, Jennifer Ann Dorski, Fuchs & Roselli, Ltd., Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

On January 5, 1998, this court granted summary judgment in favor of Defendant Alan Fishman. Defendant subsequently filed a bill of costs, pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d), seeking a total of $8,548.27 in costs. Plaintiffs American Automotive Accessories, Incorporated and Emalfarb Investment Corporation filed timely objections to Defendant's requested costs. Having reviewed Plaintiffs' objections and Defendant's support for his costs, this court grants Defendant costs in the amount of $5,561.67.

### ANALYSIS

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has determined that 28 U.S.C. § 1920 defines the term "costs" as it is used in Rule 54(d). *See Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir.1997) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)).

Here, Plaintiffs object to three of Defendant's requests for costs: (1) $547.50 for two deposition transcripts, (2) $3,804.10 for copies, and (3) $235.92 for a telephone deposition bill. This court addresses each of Plaintiffs' objections in turn.

### I. THE DEPOSITION TRANSCRIPTS.

Plaintiffs first object to the inclusion of $547.50 in Defendant's bill of costs for the deposition transcripts of Alan E. Fishman and Cynthia T. Favia. Plaintiffs argue that the invoices regarding these depositions demonstrate that the depositions were not taken in this case; instead, they were taken in a related but separate state court case involving the same alleged fraudulent check-cashing scheme at issue in this case, *Favia v. American Automotive Associates, Inc.*, Cook County Circuit Court, No. 95 CH 461. Plaintiffs state that Defendant has presented no

evidence that these transcripts were necessarily obtained for use in the case at bar.

Deposition costs (including transcripts) "necessarily obtained for use in the case" are authorized under § 1920(2).[1] "The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court[.]" *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990) (quoting *E.E.O.C. v. Kenosha Unified School Dist.*, 620 F.2d 1220, 1227–28 (7th Cir.1980)).

This court finds that the subject Fishman and Favia depositions were not "necessarily" obtained for use in *this* case. Both the Fishman and Favia depositions occurred in a separate state court case and even before Plaintiffs filed this action against Defendant. Although Defendant maintains that the deposition transcripts (particularly Fishman's) were highly useful and necessary in this federal action,[2] the simple fact is that the depositions were not actually undertaken *ab initio* for use in presenting evidence to the court in *this* case.[3]

Accordingly, this court finds that the Fishman and Favia depositions were not necessarily obtained for use in this case as required by § 1920(2). Defendant's request for deposition transcript costs must thus be reduced by the amount of those depositions, $547.50.

## II. COPY COSTS.

Plaintiffs next object to Defendant's entire charge of fees for the exemplification and copying of papers, $3,804.10. Plaintiffs assert that Defendant has not met his burden of demonstrating that the copy costs were necessarily incurred in this action. In addition, Plaintiffs argue that Defendant's copy rate is excessive.

Plaintiffs' first objection with respect to copy costs is that Defendant has not demonstrated that his copy costs were necessarily incurred in this action. Plaintiffs assert that Defendant has not designated what it copied, let alone whether the copies were necessary.

Although the prevailing party is "not required to submit a bill of costs so detailed as to make it impossible economically to recover photocopying costs," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir.1991), where a court is unable to "determine whether the copies in question were reasonably necessary for use in the case, the claim for costs should be denied," *NLFC, Inc. v. Devcom Mid–America, Inc.*, 916 F.Supp. 751, 763 (N.D.Ill. 1996) (*citing Arachnid, Inc. v. Valley Recreation Prods., Inc.*, 143 F.R.D. 192, 194 (N.D.Ill.1992)).

Here, Defendant seeks reimbursement of $1365.50 for amounts paid to outside print shops and $2438.60 for in-house copy charges. (*See* Def's Bill of Cost, Ex. D ¶ 4.) The court will consider each category in turn.

■ With respect to the expenses incurred by outside print shops, Defendant's substantiation and description regarding these copies consists merely of attaching the invoices to his bill of cost. (*See* Def's Bill of Cost, Ex. C.) These invoices do not describe what was copied and, in some instances, do not describe the costs per page or the number of the copies. As this court cannot discern the purpose of the copies from the invoices, this court cannot "determine whether the copies were reasonably necessary for use in the case." *NLFC*, 916 F.Supp. at 763. *See also Apostal v. City of Crystal Lake*, 165 F.R.D. 508, 512 (N.D.Ill.1996). Therefore, Defendant's request for $1365.50 in costs for copies by outside print shops is denied.

---

**1.** "Transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993).

**2.** Parenthetically, in any event, Defendant did not demonstrate that the Favia deposition was reasonably necessary for use in this action.

**3.** Although stated in a different factual context, the Seventh Circuit has expressed that "the determination of necessity [with respect to § 1920(2)] must be made in light of the facts known at the time of the deposition[.]" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993). *See also Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir.1998) ("The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken[.]").

With respect to the in-house copies, Defendant filed an attorney's affidavit which details the basis for the copy charges. (*See* Def. Reply, Ex. A ¶ 3.) In his affidavit, Defendant's attorney presents a breakdown of six categories of copied documents and describes the number of documents copied in each category and the basis and need for those copies. (*Id.*) Defendant's attorney attests that the "requested amounts for copying ... for which reimbursement is now sought ... were necessary and reasonable." (*Id.* ¶ 2.)

Copy costs "necessarily obtained for use in the case" are authorized under § 1920(4). "Included in the category of costs 'reasonably necessary for use in the case' are copies attributable to discovery and the court's copies of pleadings, motions and memoranda; however, extra copies for the convenience of the attorneys are not necessary and are not taxed as costs." *Baxter Int'l, Inc. v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668, at *1 (N.D.Ill. March 3, 1998).

Having reviewed the itemization presented by Defendant's attorney, this court finds that the following copies were reasonably necessary for use in this case: (1) 3800 pages of documents copied, labeled and collated from twelve boxes of documents located at Plaintiffs' attorneys' offices; (2) 2900 pages of documents copied, collated and marked as exhibits necessary for certain depositions; (3) 600 pages of documents obtained from two banks related to the allegations in Plaintiffs' complaint; and (4) 1800 pages of documents for papers and exhibits necessary for Defendant's pleadings and other filings. These costs reflect charges for copies (9100 pages in total) regarding discovery, pleadings and motions which are generally considered reasonably necessary for use in a case.

■ The court, however, finds, in its discretion, that certain other copy costs sought by Defendant were not reasonably necessary for use in this case. Specifically, the court denies Defendant costs for: (1) 2100 pages of documents for copying decisions from official reporters, articles, research and text from treatises; and (2) 900 pages of documents necessary to generate binders of pleadings as part of Defendant's file. The court finds that these copies were made for the convenience of the attorneys and, therefore, should not be taxed as costs.

■ Plaintiffs additionally argue that Defendant's copy rate is excessive. Plaintiffs assert that Defendant has not established that the charges he seeks for his in-house copies was not more than that charged by outside print shops. *See Haroco v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir.1994) (*citing Martin v. United States*, 931 F.2d 453, 455 (7th Cir.1991)).

In his affidavit, Defendant's attorney states that the copy firms used by Defendant charged between $.15 and $.20 per page for copies. (Def.Reply, Ex. A.¶ 5.) Because Defendant has not classified or otherwise broken down when it incurred $.20 per page as opposed to $.15 per page copy costs, this court grants Defendant reimbursement for its copy costs at $.15 per page. Courts have concluded that a $.15 per page copy cost is reasonable. *See, e.g., Lever v. Northwestern Univ.*, No. 84 C 11025, 1993 WL 257477, at *3 (N.D.Ill. July 8, 1993).

In sum, this court sustains Plaintiffs' objection in part and grants Defendant copy costs in the amount of $1365.00, reflecting 9100 in-house copies at $.15 per page.

## III. *TELEPHONE DEPOSITION BILL.*

Finally, Plaintiffs object to Defendant's request for $235.92 for half of a telephone deposition bill. Plaintiffs do not dispute that the request for reimbursement is proper; instead, Plaintiffs state that Defendant failed to supply the telephone bill supporting the amount.

In his reply to Plaintiffs' objections, Defendant attached a copy of the bill for $471.83. (Def.Reply, Ex. D.) In the accompanying affidavit, Defendant's attorney attests that this bill is true and accurate. (*Id.*, Ex. A ¶ 7.)

Because Defendant has supported its incurred cost for this disputed telephone deposition bill, this court overrules Plaintiffs' objection on this point.

## CONCLUSION

For the foregoing reasons, this court grants Defendant costs in the amount of $5561.67.[4]

4. This amount includes: (1) $3174.64 in undisputed fees of the court reporter for transcripts necessarily obtained for use this case, (2) $1365 in fees for exemplification and copies of papers necessarily obtained for use in the case, (3) $235.92 for the shared telephone deposition bill, and (4) an additional $786.11 of undisputed charges for service of summons and docket fees.