**John VALLEY, Plaintiff,**

v.

**OCEAN SKY LIMO, a Florida corporation, Felix Ruiz, an individual, and Gail Ruiz, an individual, Defendants.**

**Case No. 14–80816–CIV.**

United States District Court, S.D. Florida.

Signed Feb. 2, 2015.

Chris Kleppin, Glasser & Kleppin, P.A., Plantation, FL, for Plaintiff.

Feliz Ruiz, Gail Ruiz, Pro se.

**ORDER GRANTING PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AGAINST DEFENDANTS AND BILL OF COSTS**

ROBIN L. ROSENBERG, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Verified Motion for Attorney's Fees [D.E. 28], Bill of Costs [D.E. 29], and an Amended Memorandum in Support of Bill of Costs [D.E. 31].

Upon due consideration of the Motion, Bill of Costs, and Amended Memorandum in Support (hereinafter, "Memorandum in Support") and the record, it is ORDERED AND ADJUDGED that Plaintiff's Verified Motion for Attorney's Fees is GRANTED and the costs sought in the Bill of Costs are taxed against the Defendants jointly and severally. This Order covers the time period from the initiation of the lawsuit through January 26, 2015. While the Defendants have defaulted and have not filed a response to the Motion for Attorney's Fees, Bill of Costs, or the Memorandum in Support, the Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute.

### BACKGROUND

This was an overtime case under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Valley alleged that he was required to, among other things, work without proper payment for his overtime and that his final paycheck was withheld. [D.E. 1]. Valley sought back wages, liquidated damages, prejudgment interest, attorneys' fees, and litigation expenses. (*See generally, Complaint*). All three of the Defendants defaulted, and this Court ultimately entered a Default Final Judgment in Valley's favor [D.E. 24], which was then amended by the Court resulting in an Amended Default Final Judgment. [D.E. 27]. Valley obtained a final judgment in his favor for all monies in which he was seeking in this suit, and the Court re-

served jurisdiction to determine applicable attorney's fees and costs. [D.E. 27]. Valley then timely filed the instant Motion for Attorney's Fees and Bill of Costs.

### MEMORANDUM OF LAW

#### I. THE APPLICABLE LEGAL STANDARDS FOR DETERMINING ATTORNEY'S FEE AWARDS

Valley seeks an award of attorneys' fees against Defendants jointly and severally. The Eleventh Circuit and Supreme Court have issued opinions that guide courts in the decision-making process with respect to the award of attorneys' fees and the taxation of costs.

#### A. *The Eleventh Circuit's Standards for Assessing Attorney's Fees*

 Under the FLSA, a prevailing plaintiff is entitled to an award of reasonable attorney's fees. 29 U.S.C. § 216(b); *Christiansburg v. Garment Co. EEOC,* 434 U.S. 412, 415 n. 5, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Dale v. Comcast Corp.,* 498 F.3d 1216, 1221 n. 8 (11th Cir.2007). Determining a reasonable fee pursuant to 29 U.S.C. § 216(b) is left to the sound discretion of the district judge, to and including the exclusion of excessive or unnecessary work. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983);[1] *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1301 (11th Cir.1988) (*en banc*); *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1543 (11th Cir.1985). Work on any unsuccessful claims is not "deemed to have been 'expended in pursuit of the ultimate result achieved' ". *Hensley,* 461 U.S. at 435, 103

S.Ct. 1933. Therefore, an award to a prevailing party requires that any "unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Id.* The burden is on the moving party to establish entitlement to attorneys' fees; to document the prevailing market rate; and to prove the propriety of hours expended. *Hensley,* 461 U.S. 424, 437, 103 S.Ct. 1933 (1983); *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994); *Norman v. Housing Auth.,* 836 F.2d at 1299 (citing *NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987)); *Gaines v. Dougherty Co. Bd. of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985).

 A district court's "decision regarding the appropriate hourly rate may be made either by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise." *Avirgan v. Hull,* 705 F.Supp. 1544, 1549 (S.D.Fla.1989) (citing *Norman v. Housing Auth.,* 836 F.2d at 1303). The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth.,* 836 F.2d at 1299 (citing *Blum v. Stenson,* 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). At the heart of the reasonable hours concept is the guidance from the United States Supreme Court requiring fee applicants to use "billing judgment" in the listing of the hours spent on a case, making "a good faith effort to exclude from a fee request hours that are excessive, redundant, or

---

1. *Hensley* involved an attorney's fee award under 42 U.S.C. § 1988, but its reasoning applies equally to attorney's fees under the FLSA. In *Hensley,* the Supreme Court noted that "[t]he standards set forth in this opinion are generally applicable to all cases in which Congress has authorized an award of fees to a 'prevailing party.' " 461 U.S. at 433 n. 7, 103 S.Ct. 1933.

otherwise unnecessary," *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933, *"irrespective of the skill, reputation or experience of counsel,"* *Norman v. Housing Auth.,* 836 F.2d at 1301 (emphasis in original) (citing *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933).[2] Satisfactory evidence of the market rate requires more than the mere affidavit of the attorney performing the work. *Blum,* 465 U.S. at 896 n. 11, 104 S.Ct. 1541. Also insufficient is testimony that a given fee is reasonable; evidence must be of rates actually billed and paid. *Hensley,* 461 U.S. at 439 n. 15, 103 S.Ct. 1933. Such evidence may be adduced from charges of lawyers under similar circumstances or by opinion evidence. *Norman v. Housing Auth.,* 836 F.2d at 1299.

 Further, it is appropriate for a court to base an attorneys' fee award on current hourly rates, rather than historical rates, because such an approach takes into account that the attorney was not paid for the work at the time it was performed and also accounts for inflation. *McKenzie v. Cooper, Levins & Pastko, Inc.,* 990 F.2d 1183, 1186 (11th Cir.1993). What a lawyer charges his fee-paying clients "is powerful, and perhaps the best, evidence of his market rate." *Dillard v. City of Greensboro,* 213 F.3d 1347, 1354–55 (11th Cir.2000); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.,* 253 F.3d 1332, 1336–37 (11th Cir.2001) (holding that the agreed upon billing rate is a strong indication of a reasonable rate but affirming the award of an hourly rate that exceeded that agreed

upon billing rate because "the agreed-upon fee rate does not necessarily act as a cap or ceiling in determining the reasonable hourly rate").

 Once the prevailing market rate is determined, it is then multiplied by the number of reasonable hours expended on the matter. *Norman v. Housing Auth.,* 836 F.2d at 1299. The resulting figure, known as the "lodestar," may thereafter be enhanced or reduced depending on certain circumstances. *Pennsylvania v. Delaware Valley Citizens' Council II,* 483 U.S. 711, 745, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). The most important consideration in adjusting a resulting lodestar is the degree of a plaintiff's success in litigation. *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933. In the event of a limited success, the court should only award a fee that is reasonable in accordance with that result. *Id.* at 440, 103 S.Ct. 1933. But even if a result is exceptional, an enhancement of the lodestar is only permissible in limited circumstances not relevant here because no enhancement of the lodestar is sought by Valley.

 When analyzing the market rates attested to, the district court may still consider in calculating the lodestar any of the twelve factors in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), which was the which was the pre-*Hensley* and *Norman v. Housing Auth.* standard.[3] *Norman v.*

---

**2.** Besides ascertaining the reasonable number of hours an attorney spends in the handling of a case, the district court also analyzes the particular lawyering skills exhibited by the attorney. *Norman v. Housing Auth.,* 836 F.2d at 1301. Here, the Court has a rather limited record before it because the Defendants defaulted. That being said, the Court does not believe that an excess, redundant, or otherwise unnecessary work appears to have been performed by Plaintiff's counsel. To the con-

trary, for a default, the filings were kept to a minimum, and the limited ones filed were concise and sought appropriate relief. In short, this does not appear to the Court to be a case that was over-lawyered, and even cases in which a default results can be over-lawyered.

**3.** The *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requi-

*Housing Auth.*, 836 F.2d at 1299. Finally, "[t]he court does not have to accept uncontradicted evidence [on the hourly rate] if there is a reason for rejecting it." *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1137 (11th Cir.1984) (citing *King v. McCord*, 707 F.2d 466, 468 (11th Cir.1983)). The court itself is considered to be an expert "and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Auth.*, 836 F.2d at 1303.

### 1. *Establishing A Reasonable Hourly Rate*

▮ The "going rate" in the legal community is the most critical factor in determining a reasonable fee. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir.1990). The pertinent "legal community" used to base an applicable hourly rate is the city where the plaintiff's attorney has his office, not where the case was tried. *Brooks v. Georgia State Bd. of Elections*, 997 F.2d 857, 868–69 (11th Cir.1993). The attorney seeking fees bears the burden of producing satisfactory evidence that the requested rate is in line with the going rate. *Norman*, 836 F.2d at 1299. Satisfactory evidence is more than the affidavit of the plaintiff's attorney, and such evidence should pertain to rates actually billed and paid in similar suits. *Id.* "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.* The weight to be given to opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Id.*

▮ According to the Motion for Attorney's Fees, only one lawyer, Chris Kleppin, Esq., performed work for Valley in this case. Valley seeks $400.00 per hour for Mr. Kleppin. Mr. Kleppin has submitted evidence that he bills numerous defense clients, and has for a number of years, at $400.00/hr in FLSA cases. (*Aff. of Kleppin* ¶¶ 3, 4, 6). Valley has also referred to several published opinions in which Mr. Kleppin was awarded $300.00 per hour for work performed in 2008 and 2009 in FLSA cases. *Dent v. Giaimo*, 665 F.Supp.2d 1295 (S.D.Fla.2009) (Ryskamp, J.) (plaintiff vigorously contested the $300.00 per hour hourly rate—requesting award of $187.50 per hour—but, court awarded $300.00 per hour noting that "[t]he Court finds that $300 an hour is a reasonable rate for an attorney of Mr. Kleppin's skill and experience.... After examining Mr. Kleppin's time sheet, the Court further finds that the time spent during the selected periods is reasonable.... Defendant's Motion was well-reasoned, thorough and persuasive"); *Ortiz v. D & W Foods, Inc.*, 657 F.Supp.2d 1328 (S.D.Fla.2009) (Gold, J.) (awarding Mr. Kleppin $300.00 per hour, and noting that he was efficient, and based on "rates charged and approved in this district for comparable work and skill, that $300 is an appropriate hourly rate for [Mr. Kleppin]"); *Tesma v. Maddox–Joines, Inc.*, 2009 WL 230158 (S.D.Fla.2009) (Zloch, J.) (awarding Mr. Kleppin $300.00 per hour);

---

site to perform the legal service property; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

*Josendis v. Wall to Wall Residence Repairs, Inc.*, 2009 WL 454558 (S.D.Fla.2009) (Zloch, J.). Mr. Kleppin has also submitted a lengthy list of reported decisions where he has prevailed on behalf of his client in dispositive matters, and he has considerable trial experience where he has prevailed at trial. (*Aff. of Kleppin* ¶¶ 10–11).

There are decided cases awarding $400.00 hourly rates to lawyers who have less experience than Mr. Kleppin. *See, e.g., CC–Aventura, Inc. v. Weitz Co.*, 2008 WL 276057 (S.D.Fla.2008) (holding that an 8–year associate could recover $400.00 per hour).

Given the foregoing, I find that a reasonable hourly rate for Mr. Kleppin to be $400.00/hr.

### 2. *Assessing a Reasonable Number of Hours*

While the prevailing party need only submit evidence indicating what the hours worked were, *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), in this case the hours that were actually worked and billed have been submitted. The Supreme Court has stated the following with respect to the assessment of whether the number of hours submitted is reasonable:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.

*Id.* at 435, 103 S.Ct. 1933. This language applies to Valley in this case, as Valley was successful against the Defendants with respect to all causes of action brought by Valley, thus, all of the fees should be recoverable. *Id.* at 434–35, 103 S.Ct. 1933.

The Eleventh Circuit has agreed with this rationale. *Norman*, 836 F.2d at 1302.

 Valley attached documentation in the form of defense counsel's time records to the Motion for Attorney's Fees which is sufficient evidence as to defense counsel's reasonable hours worked. The hours total 15.2 (as of January 26, 2015), all of which are for Mr. Kleppin. These hours appear to be reasonable for litigating the causes of action asserted and the circumstances of a default. Valley's theory of this case was that the Defendants violated the Fair Labor Standards Act for overtime and failed to provide him his last paycheck, and therefore, pursuant to *Hensley* and *Norman*, Plaintiff's counsel is entitled to their entire fee, as they prevailed on all of these causes of action.

Finally, it is well settled that expended litigating attorneys' fees is fully compensable. *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1244–46 (11th Cir.2003) (reversing district court's decision to deduct all attorney time attributed to efforts to recover attorneys fees as an abuse of discretion).

### 3. *The Lodestar*

The lodestar for all attorneys in this case (reasonable hourly rate) × (reasonable hours billed) is: $400.00/hr × 15.2 hrs = $4,560.00.

### 4. *Adjusting the Lodestar*

Having determined the lodestar by multiplying the reasonable hourly rate by a reasonable number of hours worked, the Court may then adjust the lodestar, as discussed above, upward or downward, to reflect a number of different factors, but the Court declines to do that in this case, and notes that Valley himself does not seek an enhancement.

## II. THE BILL OF COSTS.

 Valley seeks an order taxing costs against the Defendants. Concerning the taxation of costs, the Court has discretion in considering a motion to tax costs. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 462 (11th Cir.1996). "[A]lthough the district court has discretion to deny a prevailing party costs, such discretion is not unfettered." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir.1995). "[W]here the trial court denies the ... costs, the court must give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Id.* (citing *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir.1984)).

 The Eleventh Circuit has held that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party" which the losing party must overcome. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir.1991); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). In fact, Rule 54 specifically states that:

> Costs other than attorneys' fees *shall* be allowed as of course to the prevailing party unless the court otherwise directs.

(emphasis added). A district court's discretion to deny costs (in particular to a prevailing plaintiff under a civil rights statute or the Fair Labor Standards Act) is quite limited, as the courts have noted that "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined-the court must award costs unless it states good reasons for denying them.... Generally, only misconduct by the prevailing party worthy of a penalty ... will suffice to justify denying costs." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir.1997). "[T]he language of the rule reasonably bears intendment that the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome that presumption ... [since] denial of costs ... is in the nature of a penalty for some defection on his part in the course of the litigation." *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir.1984).

In light of the fact that Valley is entitled to recover costs because of the final judgment in his favor, the Court will analyze all costs that he is entitled to under the costs statute, 28 U.S.C. § 1920. The cost statute, 28 U.S.C. § 1920 specifically enumerates taxable costs as including:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2008). Additionally, the aforementioned Valley is entitled to certain costs pursuant to 29 U.S.C. § 216(b).

### A. *Fees of the Clerk and Marshal*

 Pursuant to § 1920(1), "fees of the clerk and marshal" may be taxed as costs. This includes service of process costs. Although § 1920(1) specifically mentions the term "marshal," since the Marshal's Service rarely serves process anymore, the current trend is to read § 1920 as contemplating costs for the service of process in

general. *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir.2000) (holding that private process server fees may be taxed under § 1920); *Collins v. Gorman*, 96 F.3d 1057 (7th Cir.1996); *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175 (9th Cir. 1990); *Tang How v. Edward J. Gerrits, Inc.*, 756 F.Supp. 1540, 1545 (S.D.Fla.1991) (J., Davis); *American United Life Ins. v. American United Ins.*, 731 F.Supp. 480, 489 (S.D.Fla.1990) (J., King); *Allen v. Freeman*, 122 F.R.D. 589, 592 (S.D.Fla. 1988); *Griffith v. Mt. Carmel Medical Ctr.*, 157 F.R.D. 499, 507 (D.Kan.1994); and *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D.Or.1995).

This Circuit has held that § 1920(1), read in conjunction with § 1921,[4] author-

izes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's Service effectuate process. *W & O, Inc.*, 213 F.3d at 623–24. When the Marshal's Service serves process, its rate is $45.00 per hour for each item served, plus travel and other out-of-pocket costs.

Valley, according to his Bill of Costs and Memorandum in Support incurred the following costs associated with service of process in this case. Copies of the invoices were attached to Valley's Memorandum in Support as Exhibit "1".

### A. Fees of the Clerk and Fees for Service of Summons

| | |
|---|---|
| Filing fee for Clerk of Court—Complaint | $400.00 |
| Service of Summons on Felix Ruiz | $45.00 |
| Service of Summons on Gail Ruiz | $45.00 |
| Service of Summons on Ocean Sky Limo | $45.00 |
| **Total Service of Process** | **$535.00** |

### B. Copy Costs

■ Photocopying is a taxable cost pursuant to 28 U.S.C. § 1920(4). *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir.1976). Generally, a prevailing party may recover the costs of photocopies of documents attributable to discovery, pleadings, correspondence, copies of exhibits, documents tendered to opposing counsel, and documents submitted to the Court for consideration. *See, e.g., Brewer–Giorgio v. Bergman*, 985 F.Supp. 1478, 1485 (N.D.Ga.1997); *Grady v. Bunzl Packaging Supply Co.*, 161 F.R.D. 477, 479 (N.D.Ga.1995); *Desisto College, Inc. v. Town of Howey–in–the–Hills*, 718 F.Supp. 906, 913 (M.D.Fla.1989) (finding that "[c]opies attributable to discovery" are a

category of copies recoverable under § 1920(4)).

■ Valley seeks to tax as costs each copy that was made of a document (*e.g.,* motions, attachments to motions) and discovery exhibits copies of original documents to be used as evidence provided by his client to used as exhibits. Valley requests that he be allowed to recover $.25 per page for copy costs, and he points out that there are Southern District of Florida cases holding that $.25 per page is reasonable. *Pawnbrokers and Secondhand Dealers Ass'n v. City of Fort Lauderdale*, 711 F.Supp. 1084, 1086 (S.D.Fla.1989); *American Automotive Accessories v. Fishman*, 991 F.Supp. 995, 998 (N.D.Ill.1998).

---

4. Section 1921(a) sets forth the types of activities for which U.S. Marshals may collect a fee; serving a subpoena is one activity for which they may collect. Under § 1921(b), the Attorney General may prescribe regulations concerning the fees that may be charged by the Marshall's Service. Those regulations are set forth in 28 C.F.R. § 0.114.

According to Valley, all copies made in the case to date total 59 copies (which would total $14.75 at $.25/page), and the number is kept because each time a copy is made in the case a client code must first be inputted into the copier and those are the copies that fall into the category outlined above. (*See Attached Itemized Copier Sheet*, attached to the Memorandum in Support as Composite Exhibit 1). Valley has stated that he does not seek to tax as costs any copies that fall outside of § 1920(4), and that the firm's staff has been instructed to only make copies in the client's code if they fall within § 1920(4). They make copies that fall outside § 1920(4) under another code.

On Exhibit 1, the Court notes that it includes column titles "User Name" and "Total Copy Counter." Each group appears to be paired with a corresponding total copy count which appears to list the total number of copies billed to that particular group. *Id.* While some of the entries on the Exhibit are marked out or redacted by handwritten lines, the entries that are not marked out reveal the number of copies associated with this case, *Valley v. Ocean Sky Limo.* The entries relating to Valley total $14.75 copies, and thus the Court will tax as costs in favor of Valley the amount of **$14.75** ($.25 per page).

### III. VALLEY IS ENTITLED TO INTEREST FLOWING FROM THE DATE OF THE DEFAULT FINAL JUDGMENT—DECEMBER 22, 2014—ON ANY AND ALL COSTS TAXED BY THE COURT AND FEES AWARDED BY THE COURT.

▮ Valley is entitled to interest flowing from the date of the Default Final Judgment, December 22, 2014 on any and all costs taxed by the Court. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 12 F.3d 1045, 1052 (11th Cir.1994) (holding that "interest shall accrue on Paine Web-

ber's taxable costs from the date the court entered final judgment in favor of Paine Webber on the merits of BankAtlantic's action, November 24, 1989"—BankAtlantic asserted that the cost interest should run from July 3, 1991, the day the district court adopted the magistrate's report and recommendation as to costs); *Georgia Ass'n of Retarded Citizens v. McDaniel,* 855 F.2d 794, 799 (11th Cir.1988) (holding that "[w]e conclude that when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment"). At least one district court in the Southern District has expressly followed *BankAtlantic* on this point. *Chiever v. R.J. Schor, Inc.,* 2008 WL 4097795 (S.D.Fla.2008). Other courts have followed *Georgia* and interpreted the law in this regard in the same manner as *BankAtlantic* without mentioning *BankAtlantic.* *See, e.g., Lane v. Capital Acquisitions and Management Co.,* 554 F.Supp.2d 1345, 1355 (S.D.Fla.2008) and *Navarro v. Broney Automotive Repairs, Inc.,* 2008 WL 2901440 (S.D.Fla.2008). Other circuits follow this rubric as well. *Jenkins by Agyei v. Missouri,* 931 F.2d 1273 (8th Cir.1991); *Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir. 1983); and *Finkelstein v. Bergna,* 804 F.Supp. 1235, 1240 (N.D.Cal.1992).

### CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that Valley's counsel (Glasser & Kleppin, P.A.) is awarded $4,560.00 in attorney's fees and $549.75 in costs against the Defendants jointly and severally. The Court will issue a final judgment as to the fees and costs in a separate document.